Jack J. Cannavo, J.
This is a proceeding under article 2 of the Family Court Act for the education of Ann Pavone, a handicapped child. Petitioner is seeking an award for tuition and maintenance in the amount of $14,471.96 for his daugh *676 ter, Ann Pavone, for her attendance at the Capital Area Intermediate Unit No. 15, situated in the State of Pennsylvania, for the school year 1976-1977. The Capital Area Intermediate Unit No. 15 is not on the approved list of private schools for the education of handicapped children as promulgated by the New York State Department of Education.
The present petition was filed with this court on July 28, 1976 and, if approved by the court, would be a charge on the County of Suffolk in the first instance. Prior petitions involving this child for attendance at the Capital Area Intermediate Unit No. 15, even though not approved by the New York State Department of Education, have been granted by the court on a year to year basis. This court in each instance found no adequate educational programs available to meet the special needs of this handicapped child in either her local school district or through the Board of Cooperative Educational Services nor were there any suitable schools available anywhere within the State of New York. The only school found to be appropriate was located outside of New York State; this school, however, was not on the approved list of schools with which the local school district had the authority to contract pursuant to the provisions of the Education Law (§ 4404, subd 2, par b). The court further indicated in its previous decision that the New York State Department of Education’s reluctance to expand its list of approved schools to include educational facilities such as the one accommodating Ann Pavone was arbitrary and capricious.
On July 1, 1976, prior to the filing of the present petition and pursuant to the provisions of chapter 853 of the Laws of 1976, article 89 of the Education Law, sections 231, 232, 233, 234 and subdivision (c) of section 235 of the Family Court Act were repealed by the New York State Legislature, and new sections 231, 232, 233, 234 and 236 of the Family Court Act were enacted in their place. The provisions of the Education Law with respect to handicapped children were also amended, and a new article 89 was enacted. The new act took effect on July 1, 1976.
In view of this recent legislation, the only issue now before this court is whether the Family Court has the jurisdiction to enter ah order for services requested for Ann Pavone, who is a physically handicapped child over the age of 5 and under 21 years of age. Petitioner contends that the local school district and the Commissioner of Education do not have the authority *677 to contract with the Capital Area Intermediate Unit No. 15 since that school is still not on the New York State Department of Education’s list of approved private schools for the education of handicapped children, and that, in view of the past history of these matters, it would be a mere useless act to appeal again to the school district and the Department of Education. The petitioner further maintains that, since the new statutes do not provide for the type of factual situation involved in this proceeding, she does not in effect have any administrative remedy and is therefore compelled to seek relief in the Family Court notwithstanding the recent legislative changes. It is therefore conceded that petitioner made no application to any educational authority for the relief requested herein. On the other hand, the County Attorney of Suffolk County simply contends that, as a result of the recent legislative enactments affecting handicapped children, the Family Court is now divested of all jurisdiction in this area except for preschool children and summer school programs.
The court in this matter is constrained to agree with the County Attorney. The effect of this legislation is to divest the Family Court of nearly all its jurisdiction in the area of handicapped children and places the responsibility for special educational services such as transportation, tuition and maintenance for all handicapped children between the ages of 5 and 21 years upon the local school district and the State. Section 236 of the Family Court Act now provides as follows: "Powers of the Family Court with regard to certain handicapped children. 1. This section shall apply to (a) handicapped children as defined in subdivision one of section forty-four hundred one of the education law who are not eligible for educational services pursuant to article seventy-three, eighty-five, eighty-seven, eighty-eight or eighty-nine of the education law and to (b) handicapped children meeting all the criteria of subdivision one of section forty-four hundred one of the education law except that such children are under the age of five and are not entitled to attend public schools without the payment of tuition pursuant to section thirty-two hundred two of the education law and that such children are also not eligible for educational services pursuant to article seventy-three, eighty-five, eighty-seven, eighty-eight or eighty-nine of the education law.”
The legislative intent behind this new section is clear; the Legislature intended to divest the Family Court of jurisdiction *678 for those handicapped children between the ages of 5 and 21 who are in need of special educational services for the regular school year September through June. In a supporting memorandum to the New York State Senate in support of Senate Bill S-9470-A, Senator Leon E. Guiffreda stated as follows: "Presently, Family Courts are overwhelmed with orders for educational services, and Family Court Judges are making educational decisions they are not trained to make. The combination of these factors and the uncontrollable growth in the cost of court orders is causing this process to break down * * * This act eliminates the need for all court orders issued for children of compulsory school age during the period of the normal school year. (Emphasis supplied.) Pre-school and summer school programs for handicapped children, however, can continue to be financed through the court order process.”
This statement clearly shows that the Legislature did not envision or contemplate that the Family Court make any orders with respect to children of compulsory school age during the period of the normal school year.
In an advisory booklet dated September 14, 1976, which was prepared by Bernice M. Kipfer, Assistant Commissioner for Education of Children with Handicapped Conditions, and specifically developed by the State Education Department to assist the school districts in New York State in providing services for handicapped children, the new provisions for providing special educational services for those children are explained as follows: "The provisions of Chapter 853, Education Law, places the responsibility upon the local district and State for providing all handicapped children between the ages of 5 and 21 years, with special educational services such as transportation, tuition and maintenance during the regular school year, September through June. The provision of these services does not involve the Family Court. (Emphasis supplied.) Approval of the Family Court is only involved, as provided in Section 4406 of the Education Law. Thus, beginning with the 1976-1977 school year, Family Court orders will be limited to those orders serving children under the age of 5, for tuition, maintenance and transportation during the year and for children of school age 5-21 during the summer months of July and August for tuition, maintenance and transportation, related to the Department approved programs or services.” Herein again, the intent is clear, that the Family Court is not to be involved in a case of this nature.
*679 Moreover, petitioner has made no attempt to obtain suitable educational services for this child pursuant to the new provisions of the Education Law and has therefore not exhausted the administrative remedies available to him, including, in the event of a denial by the Commissioner of Education for the relief requested, an article 78 proceeding in Supreme Court as provided for under subdivision 3 of section 4404 of the Education Law. In Matter of L. v New York State Dept. of Educ. (39 NY2d 434, 439-440) the Court of Appeals stated: "the court must continually review the condition of the children, as well as the state of available public facilities. It is obvious that the condition of a handicapped child may change substantially within the course of a single school year. After the commencement of his private instruction, the condition may improve to the point that the child is capable of attending public school, either in the regular course of instruction or as a part of a special program. Alternately, the changed condition might be more appropriately treated in a different private school * * * It is equally possible that additional facilities may have been added to the public school system. The school district might find, for example, that the number of children with a particular handicap has so increased that it is more economic to construct and maintain public facilities than it is to continue to pay tuition to a private school. The school district might also possess funds, not previously available, that can be applied to the cost of hiring teachers with specialized training and to the expense of obtaining additional equipment for use in a regular public school. In sum, the Family Court, in order to carry out its obligations under section 232, must review each case on an annual basis and determine whether its previous order should be amended or modified.” This reasoning by the Court of Appeals makes petitioner’s position untenable since each case, even under the repealed statutes and certainly under the new statutes dealing with handicapped children, must be reviewed on an annual basis. It would indeed be improper for this court to assume that, in the future, the educational agencies will be arbitrarily and capriciously disregarding the needs of the petitioner’s child. These statutes (Education Law, §§ 4402, 4403) provide a clear and detailed procedure which must be followed by petitioners in these matters before the assistance of the court may be invoked and then only through a proceeding brought, not in the Family Court, but in the Supreme Court pursuant to CPLR article 78 proceeding (Education Law, § 4404).
*680 It is horn book law that, where an administrative remedy is provided by statute, relief must be sought by exhausting first the prescribed administrative remedy before the courts will act and exercise jurisdiction. (Allen v Kelley, 191 Misc 762, affd 273 App Div 963; Myers v Bethlehem Shipbuilding Corp., 303 US 41.) It has further been held that the doctrine is applicable even where jurisdictional questions have been raised concerning the administrative agency’s jurisdiction over the subject matter. (Allstrom v Lorenz, 198 Misc 970.) In United States v Blair (321 US 730, 736) the court said, "Even if the conduct of the Government superintendent or contracting officer, or their assistants, was so flagrantly unreasonable or so grossly erroneous as to imply bad faith, the appeal provisions of the contract must be exhausted before relief is sought in the courts.”
The new statutes have taken away a large area of the Family Court’s original jurisdiction over handicapped children and made the school district and the New York State Department of Education in effect the tribunals of first resort for all matters involving special educational services for handicapped children between the ages of 5 and 21. The school district and the Education Department are entitled under the statutes to proceed to a conclusion without any judicial interference. If at the conclusion of the administrative proceedings provided for in sections 4402 and 4403 of the Education Law, it appears to the petitioner that the agencies have mistaken or abused their authority or jurisdiction, then only may the petitioner seek a correction by way of judicial review in an article 78 proceeding pursuant to section 4404 of the Education Law. The petitioner here has clearly failed to avail himself of the meticulously precise and detailed administrative procedures required by these new statutes; this must be done before any judicial relief through the courts would become available to the petitioner. After having proceeded to administrative judgment, the petitioner may then seek judicial review in the Supreme Court in accordance with section 4404 of the Education Law. Unlike the Supreme Court of the State of New York, the Family Court is a court of limited jurisdiction. Its authority is limited to the jurisdiction expressly granted to it by the New York State Constitution and the laws of the State and should not, except in rare instances, assume any powers which are not statutorily enumerated in order for the court to conform with the fundamental and well-established rule that *681 statutes in derogation of the common law, such as the statutes governing the Family Court, must be strictly construed.
For all of the foregoing reasons, this court finds that the Family Court has no jurisdiction over this proceeding and accordingly dismisses the petition herein.