Harold J. Hughes, J.
This is a proceeding pürsuánt to CPLR article 78 to declare the Commissioner of Education’s interpretation of chapter 853 of the Laws of 1976 to be erroneous. Petitioners have moved pursuant to CPLR 902 to allow the proceeding to be maintained as a class action.
Petitioners are children with handicapping conditions and their parents. They have commenced this proceeding to challenge the commissioner’s interpretation of chapter 853 of the Laws of 1976 (Education Law, art 89). Although the proceeding should have been commenced as a declaratory judgment action, this court need not dismiss because the proceeding was brought in an improper form, but may convert it to a declaratory judgment action (CPLR 103, subd [c]).
The children who are petitioners herein attend 12-month residential programs for the handicapped. They claim they are entitled to funding pursuant to statute (Education Law, § 4401 et seq.) for the entire year. The commissioner, however, issued a memorandum interpreting article 89 of the Education Law as only mandating that school districts assume responsibility for the cost of providing educational service to handicapped children for the 10-month school year and not for the months of July and August.
The court first notes that there is nothing in the statutory language which directly supports petitioners’ argument that the school districts are responsible for the cost of services for the entire year. In Matter of Pavone (88 Misc 2d 675, 677-678) the court’s construction of the statute was consistent with *1032 that of the commissioner’s "The legislative intent behind this new section is clear; the Legislature intended to divest the Family Court of Jurisdiction for those handicapped children between the ages of 5 and 21 who are in need of special educational services for the regular school year September through June. In a supporting memorandum to the New York State Senate in support of Senate Bill S-9470-A, Senator Leon E. Giuffreda stated as follows: 'Presently, Family Courts are overwhelmed with orders for educational services, and Family Court Judges are making educational decisions they are not trained to make. The combination of these factors and the uncontrollable growth in the cost of court orders is causing this process to break down * * * This act eliminates the need for all court orders issued for children of compulsory school age during the period of the normal school year. * * * Preschool and summer school programs for handicapped children, however, can continue to be financed through the court order process.’ ”
It is this court’s view that since the commissioner’s interpretation of the statute is neither irrational nor unreasonable, it is controlling here (see Matter of Lezette v Board of Educ., 35 NY2d 272, 281).
The petition is dismissed and the motion to maintain the proceeding as a class action is dismissed as academic, without costs.