LARA R. SCHNEPS, an Infant, by VICKI A. SCHNEPS, Her Mother, et al., Appellants, v EWALD B. NYQUIST, as Commissioner of the State Department of Education, Respondent.

Third Department, June 30, 1977

*Murray B. Schneps* for appellants.

*Robert D. Stone (Norman H. Gross* of counsel), for respondent.

MAIN, J. On this appeal, petitioners basically argue that the infant petitioners herein, who attend 12-month residential educational programs for handicapped children, are entitled to funding by their respective local school districts under article 89 of the Education Law for the entire 12-month period each year. According to respondent, however, article 89 only mandates that local school districts assume the cost of providing educational service to handicapped children for the 10-month school year September through June, and any funding for such educational service for the months of July and August may be provided only pursuant to a Family Court order under section 236 of the Family Court Act. Special Term found that respondent's interpretation of the statute was neither irrational nor unreasonable, and we agree.

In construing article 89 to limit the funding of educational services for handicapped children by local school districts to the traditional 10-month school year, it should be emphasized that respondent is not, as argued by petitioners, grounding its interpretation upon an arbitrary time period without any basis in fact. There are numerous instances of statutory recognition that instructional programs are based upon a 10-month term (see e.g., Education Law, § 3015, subd 2; § 3101, subd 3; § 3204, subd 4; § 3604, subd 7), and in *Matter of Claire* (44 AD2d 407, 409, mot for lv to app dsmd 35 NY2d 706), a case cited by petitioners, the court refers to "the boundaries of the conventional school year of September through June". It is also most significant in this regard that the memorandum submitted by Senator Leon E. Giuffreda to the New York

State Senate in support of the enactment of article 89 speaks of the elimination of the need for court orders for children of school age "during the period of the normal school year". With regard to the legislative intent to relieve the overwhelmed Family Court of some of the burden of orders for educational services by enacting article 89, this is effectuated even though, according to respondent, orders will still be required for the months of July and August for the infant petitioners and those similarly situated, for the reason that Family Court orders will no longer be necessary for handicapped children not requiring schooling during the summer months.

Under all these circumstances and on this record, we find respondent's interpretation of article 89 to be reasonable. Accordingly, it is controlling and should be sustained (see *Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272). In so ruling, we would point out in conclusion that, although Special Term properly converted the article 78 proceeding into a declaratory judgment action (CPLR 103, subd [c]), instead of dismissing the petition it should have made a declaration of the rights of the parties.

The judgment should be modified, on the law, by striking therefrom that portion of the decretal paragraph that dismisses the petition and by substituting therefor a provision declaring that, pursuant to article 89 of the Education Law, school districts need only assume responsibility for the cost of providing educational service to handicapped children for the 10-month school year and not for the months of July and August, and, as so modified, affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, LARKIN and HERLIHY, JJ., concur.

Judgment modified, on the law, by striking therefrom that portion of the decretal paragraph that dismisses the petition and by substituting therefor a provision declaring that, pursuant to article 89 of the Education Law, school districts need only assume responsibility for the cost of providing educational service to handicapped children for the 10-month school year and not for the months of July and August, and, as so modified, affirmed, without costs.