OPINION OF THE COURT
Edith Miller, J.
This case is a consolidation of three separate petitions brought under section 236 of the Family Court Act. Each of the petitions involves identical fact situations. The petitioners are parents of handicapped children. These children require a residential school placement for 12 months a year. The New York City Public School System is unable to provide appropriate educational facilities for these children and therefore they are placed at an approved residential facility in Pennsylvania. Full funding including maintenance and tuition is provided by the New York City Board of Education for the normal 10-month school year (Sept.-June). Petitioners seek an order *683 under section 236 of the Family Court Act requiring payment by the proper governmental authority of the cost of tuition and maintenance of these children during the months of July and August.
Family Court does not have jurisdiction to issue orders for the education of handicapped children over the age of five who are in need of special services for the regular 10-month school year. This is a responsibility which falls upon the local school district and the State. Family Court jursidiction is limited to issuance of orders for the education of such children for the summer months of July and August. (Schneps v Nyquist, 58 AD2d 151; Matter of Pavone, 88 Misc 2d 675.)
The City of New York as respondent opposes the granting of petitioner’s request as to the maintenance costs, as distinguished from tuition costs, for the summer months. The respondent maintains that it is an obligation of the Family Court to inquire into the financial status of the parents to determine if the parents can pay or contribute to the maintenance costs before the court can issue an order directing the city to pay these maintenance costs.
The court disagrees with respondent’s contention that the Family Court has authority to require a hearing on parental contribution towards maintenance during the summer months. Former law required that parental contribution towards the maintenance of a residentially placed handicapped child could be compelled by the Family Court. (Matter of Levy, 38 NY2d 653; Matter of Claire, 44 AD2d 407; Family Ct Act, former §§ 232, 234.) Since the rulings in these cases, there have been revisions in both the Education Law and the Family Court Act. Under chapter 853 of the Laws of 1976 (eff July 1, 1976) the new section 4405 (subd 1, par a) of the Education Law provides that, "The maintenance expense for a handicapped child placed in a residential school under the provisions of this article shall be a charge upon the municipality”. The section also delineates the manner in which financial responsibility for these special educational services is to be apportioned and provides that one half of such maintenance expense shall be paid by the State upon certificate of the Commissioner of Education. (Education Law, § 4405, subd 1, par b.) Nowhere in this statute is there provision for making the maintenance cost a charge upon the parents. Section 4406 of the Education Law which deals with the cost of educational services, including transportation, tuition or maintenance, as *684 ordered by the Family Court pursuant to section 236 of the Family Court Act provides that half the cost shall be a charge upon the county or city and the other half is to be paid by the State. This section also lacks any provision calling for parental contribution.
Subdivision 2 of section 236 of the Family Court Act under which petitioners seek to have an order issue for the transportation, tuition and maintenance expenses also mandates that these costs, "shall be a charge upon the county or the city of New York.” Again there is an absence of a provision requiring parental contribution towards these costs. Section 236 gives the Family Court the power to issue such an order to the city but it does not bestow upon the court the authority to inquire into parental finances for possible contribution towards maintenance for the periods covered by these orders. Section 236 therefore is not a source of authority such as would mandate a hearing on possible parental contribution prior to the issuance of an order granted pursuant to section 236.
In addition to a lack of statutory provisions in reference to parental contribution in sections 4405 and 4406 of the Education Law, a further evidence of absence of legislative intent to require parental constribution towards maintenance is found by contrasting section 236 of the Family Court Act with other new sections 232 and 234 of the act which explicitly provide for consideration of the parent’s financial status and ability to contribute. New section 232 (subd [c], par [1]) gives the Family Court power to issue an order compelling parental contributions towards the cost of medical services for handicapped children authorized by Public Health Law. Section 234 provided for a similar contribution towards the maintenance of a child placed in accordance with the rules of the State Board of Social Welfare.
If contribution by the parents toward maintenance of handicapped children was intended by the Legislature, provision for it could have been included in section 236 as it was so clearly provided for in sections 232 and 234. The absence of any such provision in either the Education Law or the Family Court Act mandates the conclusion that contribution was not to be exacted from the parents of handicapped children in residential placement, whether the placement is for the normal 10-month school year or for a full 12 months.
Respondent cites to Schneps v Nyquist (58 AD2d 151, supra) as authority granting the court the right to inquire into *685 parents’ financial status for contribution during the summer months. In Schneps the court merely determined that the school district was not obligated to assume financial responsibility for the cost of educational services to handicapped children during the summer months. This case is not authority for substituting parental financial responsibility for that of the school district during the summer months. The burden remains upon the city or county as provided for in sections 4405 and 4406 of the Education Law and is not transferred to the parents.
In addition to the above statutory analysis the court looks to Federal regulations in reference to the education of handicapped children as a guideline. The Department of Health, Education and Welfare regulations for Public Law 94-142 (Education of the Handicapped Act of 1975) section 1401 et seq. of title 20 of the United States Code provide: "If placement in a public or private residential program is necessary to provide special education and related services to a handicapped child, the program, including non-medical care and room and board, must be at no cost to the parents of the child.” (42 Fed Reg 42488, § 121a.302.)
Ostensibly this regulation applies to a residentially placed handicapped child for the full 12 months of a year if the child’s needs require such placement. Failure by the State to comply with this Federal regulation can preclude New York State from receiving Federal funding for the education of handicapped children. The legislative memorandum accompanying chapter 853 of the Laws of 1976 (NY State Senate Bill 9470-A) at page 4 evidences a desire by the Legislature to comply with Federal regulations under Public Law 94-142: "In November of 1975 President Ford signed into law the 'Education for All Handicapped Children Act of 1975’. P.L. 94-142 * * * Many of the provisions of this act have been specifically developed to satisfy the eligibility requirements of the federal law”.
In light of this analysis of the relevant portions of the Education Law and the Family Court Act the court concludes that parental contribution towards the summer maintenance costs of residentially placed handicapped children was not intended by the Legislature nor does the Family Court have authority to consider such contribution when issuing an order pursuant to section 236 of the Family Court Act. Therefore the court under power granted by section 236 issues an order *686 for the full amount of the expenses incurred by petitioners for tuition, maintenance and transportation for the months of July and August, 1977 such amount to be a charge upon the City of New York.