■ MARK LOMBARDI, an Infant, by VINCENT LOMBARDI, His Parent, Appellant, v EWALD B. NYQUIST, as Commissioner of the State Education Department, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 19, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's refusal to approve a contract between petitioner's local school district and the Trinity-Pawling School. Petitioner Mark Lombardi is a neurologically impaired student of high school age. Under the provisions of article 89 of the Education Law, his local school district, upon the recommendation of its Committee on the Handicapped, may contract for "special services or programs" with a private school provided the approval of the Commissioner of the State Education Department is obtained. Petitioner was recommended by the Committee on the Handicapped to attend the Trinity-Pawling School. This was approved by the local school district, which then sought the commissioner's authorization to enter into a contract with the Trinity-Pawling School. The commissioner denied this request because Trinity-Pawling was not an approved school for the handicapped and advised the local district to seek an approved school. Petitioner commenced the present article 78 proceeding and challenged such refusal on the ground that it was arbitrary and capricious. Special Term found against petitioner and dismissed the petition. This appeal followed. On this appeal, petitioner contends that at Special Term respondent did not contest petitioner's allegation that Trinity-Pawling School was the only available appropriate school suitable to the needs of petitioner and, therefore, Special Term erred in rejecting such allegation as merely a conclusory statement. We disagree. Respondent did raise the issue at Special Term and further

asserted that there was insufficient evidence to establish such fact. We find that on this record there is insufficient information to establish whether or not an approved adequate alternative educational program to that of Trinity-Pawling is available. Petitioner, however, argues that the recommended Trinity-Pawling program is best suited to his needs and implies that any lesser educational program, even if adequate, would be a denial of his constitutional and statutory rights to a free education suitable to his special needs (NY Const, art XI, § 1; *Matter of Levy,* 38 NY2d 653, 657, reh den 429 US 966). Since the needs of other handicapped children may be fully met by an approved private school, whereas those of petitioner cannot be so met by an approved school, petitioner's argument necessarily implies that he is being denied equal protection of the law. We find petitioner's position without merit. Article 89 of the Education Law was enacted to rectify a serious deficiency in the public educational system relating to the neglected educational needs of handicapped chaildren. It is by nature reform legislation. The appropriate standard to be applied in reviewing the application of such legislation is "not the so-called strict scrutiny test or anything approaching it, but rather the traditional rational basis test" *(Matter of Levy, supra,* p 658; see, also, *San Antonio School Dist. v Rodriguez,* 411 US 1, 40). Respondent has the responsibility to insure that certain standards are complied with in connection with the State educational system. Consequently the construction given relevant education statutes and regulations by respondent, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Schneps v Nyquist,* 58 AD2d 151). The respondent commissioner has promulgated rules and regulations setting forth the conditions precedent to approval of contracts between a private school and a board of education (8 NYCRR 200.9). Respondent has determined that subdivision 2 of section 4401 of the Education Law does not authorize the execution of such contracts unless the private school has been approved by the commissioner. These rules and regulations establish certain criteria which must be met before a school for handicapped children can be approved. A public purpose is thus served by this procedure. That a child may not be able to attend a school that is particularly suited to his needs because such school is not an approved school does not render this reform legislation unconstitutional. The principle has long been accepted that a reform statute " 'is not invalid under the Constitution because it might have gone farther than it did' * * * a legislature need not 'strike at all evils at the same time'." *(Katzenbach v Morgan,* 384 US 641, 657.)* We find respondent's interpretation of the statute and the standards for approval to be reasonable and rational. No violation of petitioner's constitutional and statutory rights has been demonstrated on this appeal. Petitioner also contends, under the authority of *Matter of Seitelman v Lavine* (36 NY2d 165), that because Trinity-Pawling is suitable and appropriate to the needs of petitioner and because it is a licensed school in the State of New York it is approvable as a matter of law. Petitioner's reliance on *Seitelman* is misplaced. Here, the regulation requirements for licensure as a secondary school (8 NYCRR Part 100) are far different from those pertaining to licensure as a special educational facility for the handicapped (8 NYCRR Part 200). Further, there is no concession by respondent of automatic approval, as was present in *Seitelman.* The judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.