OPINION OF THE COURT
Isidore Levine, J.
Before this court is a proceeding by the above-captioned petitioners, seeking an order, pursuant to section 236 of the Family Court Act, against the City of New York, for the costs and expenses of their special education at New York Institute for the Education of Blind from July 5, 1978 through August 18, 1978. Each of the above-named petitioners is a blind or a blind and deaf and/or blind and otherwise multihandicapped child who is currently receiving such special education at this *838 school for 10 months or more a year. The costs and expenses of such special education, including tuition-related services, maintenance and transportation for 10 months, are concededly borne by the State of New York pursuant to article 85 of the Education Law.
Corporation Counsel on behalf of the City of New York moved to join and implead the Commissioner of Education as a party to these proceedings. Said motion was granted by the Honorable Yorka C. Linakis, in a decision dated November 1, 1978 and the matter was set down for hearing.
All sides now appearing before this court, the issue becomes clear. Does this court have authority to grant the relief requested by the petitioners, to wit, order respondent City of New York to pay the costs and expenses of their education during the summer months, or is said relief outside the jurisdiction of the Family Court?
Analysis must begin with the principle that the Family Court is a court of limited jurisdiction. It has only such jurisdiction and powers as the Constitution and the laws of the State expressly grant it. (Matter of Borkowski v Borkowski, 38 AD2d 752; Chine v Clune, 57 AD2d 256; Matter of Pavone, 88 Misc 2d 675.)
Section 236 of the Family Court Act provides statutory authority to the Family Court to meet the educational needs of children with handicapping conditions. Section 236 of the Family Court Act states, in relevant part,
"1. This section shall apply to (a) handicapped children as defined in subdivision one of section forty-four hundred one of the education law who are not eligible for educational services pursuant to articles [73, 85, 87, 88, or 89] of the education law [emphasis added] * * *
"2. Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the city of New York thereof wherein the child is domiciled at the time application is made to the court for such order.”
As is apparent from the above-recited excerpt of section 236 *839 of the Family Court Act, this express statutory authority (jurisdiction) granted the Family Court, with respect to handicapped children, specifically excludes those children who are eligible for educational services pursuant to article 85 of the Education Law. (See Family Ct Act, § 236, subd 1, par [a].) Therefore, judicial construction of the meaning and scope of article 85 of the Education Law is necessary to determine which handicapped children are eligible for educational services under article 85 of the Education Law. It states, in relevant part,
"1. The following institutions for the instruction of the deaf and of the blind shall be subject to the visitation of the commissioner of education: * * *
"h. New York Institute for the Education of the Blind in the city of New York.” (Education Law, § 4201, subd 1, par h.)
"1. All blind persons of suitable age and capacity and who shall have been residents in this state for one year immediately preceding the application or *. * * shall be eligibile for appointment as state pupils to the Instutite for the Education of the Blind in the city of New York”. (Education Law, § 4206, subd 1.)
"3. All such appointments, with the exception of * * * shall be made by the commissioner of education.” (Education Law, § 4206, subd 3.)
"1. Each blind pupil so received into any of the institutions specified in this article shall be provided with board, lodging and tuition; and the directors of the institution shall receive an appropriation for each pupil so provided for, in quarterly payments, to be paid by the commissioner of taxation and finance, on the warrant of the comptroller, to the treasurer of said institution. * * *
"4. Children placed in any such institutions for the blind pursuant to section forty-two hundred six shall be maintained therein at the expense of the state for the period of time the school is in session. ” (Education Law, § 4207, subds, 1, 4; emphasis added.)
The determnation of the merits of these petitions will particularly rest upon the judicial construction of subdivision 4 of section 4207 of the Education Law, to wit: "[c]hildren placed in any such institutions for the blind * * * shall be maintained therein at the expense of the state for the period of time the school is in session. ” (Emphasis added.)
*840 It is argued by petitioners and respondent Commissioner of Education that "school in session” means a 10-month school year. If so, the total costs and expenses for the education of the petitioners during the two remaining months is not the obligation of the State under article 85 of the Education Law, and therefore the within proceeding, pursuant to section 236 of the Family Court Act, would lie.
It is the position of respondent City of New York, that "school in session” means a 12-month school year and the State’s obligations and responsibilities under article 85 of the Education Law continue throughout the 12 months. If this court takes respondent City of New York’s position, the instant section 236 petition must be dismissed on the basis of lack of subject matter jurisdiction.
After due consideration of both sides of the controversy and after extensive research, it appears that the issue herein is one of first impression. All decisions found by this court, including Matter of Pavone (88 Misc 2d 675) and Schneps v Nyquist (58 AD2d 151, mot for lv to app den 42 NY2d 808) specifically interpret article 89 of the Education Law, and not article 85. Said decisions construe article 89 of the Education Law to limit funding of educational services for handicapped children to the traditional 10-month school year.
In support of the argument that article 85 of the Education Law should be construed to mean a 12-month school year, respondent city cites Matter of Levy (38 NY2d 653, 658-659): "[A]s a matter of history and tradition our society has accorded special recognition to the blind and to the deaf in the field of education as elsewhere.” The argument then proceeds that the blind and the deaf child have legitimately been accorded different and sometimes preferential treatment to children with other handicapping conditions. The conclusion is then drawn that a 12-month school year is such differing and preferential treatment that is accorded the blind and the deaf child by article 85.
This court agrees with the above-recited history and tradition and the theory upon which this argument is based, but the conclusion cannot follow without further and more specific legislative enactments adopting such different and preferential treatment. (See Matter of Levy, supra, p 660.)
The above-recited history and tradition, which states the special recognition given the blind and the deaf, is reflected in the way articles 85, 87, 88 and 89 are drafted and set forth in *841 the Education Law of New York. Articles 85, 87, and 88 of the Education Law are specific and separate statutory laws concerning the blind and the deaf child. Article 85 is particularly specific concerning the instruction to be given to the deaf and the blind child.
Article 89 of the Education Law is the general statutory law governing: (a) the rights of all handicapped children; (b) the administrative process by which the handicapped child is educationally serviced; and (c) the system of providing services to all qualifying handicapped children. All handicapped children, enrolled in special educational programs pursuant to article 85 of the Education Law are specifically brought within the general scope of article 89. Article 89 of the Education Law (§ 4401, subds 1, 2, par d) presents the statutory basis for the conclusions drawn by this court, that article 85 is within the purview of article 89 of the Education Law. Said paragraphs read as follows:
"1. A 'handicapped child’ means a person under the age of [21] who is entitled to attend public schools * * * and who, because of mental, physical, or emotional reasons can receive appropriate educational opportunities from * * * the special services and programs delineated in subdivision two of this section.” (Education Law, § 4401, subd 1.)
"2. 'Special services or programs’. For purposes of this article, special services or programs shall mean the following: * * * d. Appointment by the commissioner to a state or state-supported school in accordance with article [85, 87, or 88] of this chapter.” (Education Law, § 4401, subd 2, par d; emphasis added.)
As is apparent from the above-quoted statute, the blind and the deaf child under article 85 of the Education Law is encompassed within article 89 of the Education Law. Because the specific and separate statutory laws for the blind and the deaf child (arts 85, 87, and 88) do not set forth with specificity the length of the school year for the blind and the deaf child, this court must look for guidance to the length of the school year under article 89.
The courts have already construed article 89 of the Education Law to operate on the traditional 10-month school year. (See Matter of Scott K., 92 Misc 2d 681; Schneps v Nyquist, supra, p 152.) That "traditional 10-month school year” construction is a binding construction of the school year for the blind and the deaf child, absent a legislative enactment, *842 incorporated within article 85 of the Education Law, setting forth a school year or "period of time the school is in session” of differing length.
It is therefore the judgment of this court, that the subject handicapped children are not eligible for educational services pursuant to article 85 of the Education Law during the summer months. The period of time school is in session, for the purposes of determining the State’s obligation to fund said children’s educational services, is the traditional 10-month school year.
It is the further judgment of this court that it is the responsibility of the State and the local school district, to provide for the education of these handicapped children for the traditional 10-month school year, and it is the limited jurisdiction of the Family Court to issue orders for the education of such children for the summer months of July and August. (See Matter of Scott K., supra, p 683; Matter of Eric M., NYLJ, Aug. 28, 1978, p 6, col 3.)
Accordingly, the instant Family Court proceeding, pursuant to section 236 of the Family Court Act, does lie and this court has the jurisdiction and authority to direct respondent City of New York to pay the expenses for each petitioner’s special education, including tuition, related services, maintenance and transportation, for the period of July 5 to August 18, at the New York Institute for the Education of the Blind, and with consent of the State of New York through its Commissioner of Education, pursuant to section 4406 of the Education Law, the City of New York shall recover 50% of such sums by way of reimbursement from the State of New York.