OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment annulling the decision of the respondents of June 20, 1979 which dismissed petitioner’s appeal.
Petitioner’s parents reside in the East Ramapo Central School District (ERCSD) and petitioner, prior to May, 1974, had been a student in the district. In May of 1974, petitioner was hospitalized and his doctors advised his parents that he suffered a serious risk of suicide if he was not removed from his home environment. Petitioner’s mother, on the recommendation of petitioner’s treating psychiatrist that he must be placed in a school setting with normal children, placed petitioner at the Perkiomen School in Pennsburg, Pennsylvania, *718 which is a private preparatory boarding school for normal children, at a cost of less than $5,000. The ERCSD informed petitioner’s parents that Perkiomen was not on the approved list of the New York State Department of Education and, therefore, no tuition assistance could be provided.
On September 17, 1976, ERCSD again denied petitioner placement at a residential boarding school, suggesting that the local public schools were appropriate. Petitioner’s mother allegedly followed the advice of her doctor and kept petitioner at a residential boarding school (the Oakwood School). Petitioner’s mother subsequently sought tuition assistance for petitioner for the 1977-1978 school year in the Oakwood School.
On August 17, 1978, the committee on the handicapped of ERCSD notified petitioner’s parents that petitioner did not possess a handicapping condition sufficient to warrant the provision of special educational services and that the public schools in the ERCSD could provide adequate placement for him. Petitioner’s parents challenged the decision and requested a hearing which was subsequently held on September 19, 1978, October 10, 1978 and January 9, 1979. In a decision of February 23, 1979, the hearing officer rendered a decision that petitioner does have a handicapping condition and as such is a handicapped youngster, and further, that petitioner’s parents could not be reimbursed for tuition at the Oakwood School on the grounds that the ERCSD may not contract with a nonapproved school such as the Oakwood School. The decision was appealed to the Commissioner of Education and on June 20, 1979, the commissioner dismissed the appeal in its entirety on the grounds that the Oakwood School was not approved for the education of handicapped students.
Petitioner’s parents contend the ERCSD had no appropriate facility and that the Oakwood School was an appropriate placement and that, therefore, they should be reimbursed for tuition and related expenses necessarily incurred by them, and further, that the commissioner did not address petitioner’s parents alternative request that the Oakwood School be certified nunc pro tune to permit reimbursement and this court should also consider that alternative relief.
This court cannot agree with the contentions of the petitioner’s parents. The respondents have determined that subdivision 2 of section 4401 of the Education Law does not authorize the execution of contracts with schools which have not been *719 approved by the commissioner, citing Lombardi v Nyquist (63 AD2d 1058). Rules and regulations have been promulgated by the respondents establishing certain criteria which must be met before a school for handicapped children can be approved. That the petitioner may not be able to attend a school that may be particularly suited to his needs because such school is not an approved school, does not render the ruling arbitrary, capricious or unreasonable, and the construction given relevant education statutes and regulations by respondent, if not irrational or unreasonable, should be upheld (Matter of Howard v Wyman, 28 NY2d 434, 438; Schneps v Nyquist, 58 AD2d 151).
Further, the alternative relief sought by petitioner’s parents is not appropriate herein and there is no showing that the respondents did not consider same.
In view of the foregoing, the petition is in all respects denied.