■ In the Matter of RONALD LAFKO et al., Individually and as Parents and Guardians of CINDY LAFKO, a Minor, Respondents, v WAPPINGERS CENTRAL SCHOOL DISTRICT et al., Appellants.—Appeals from a judgment of the Supreme Court at Special Term, entered March 19, 1979 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Commissioner of Education, and, by consent, dropped the Attorney-General of the State of New York as a party. The petitioners have brought this proceeding on their own behalf and on behalf of their minor child, who was born August 10, 1964 and who is a handicapped child, pursuant to article 89 of the Education Law, by reason of a neurological impairment. This fact was made known to the appellant Wappingers Central School District (the School District) in August, 1977 by two letters written by the child's physician, one of which stated "she should attend a private school where her classes would be approximately 10-12 in number". Neither the co-ordinator of special education of the School District nor the school psychologist employed by the School District considered either of the letters documentation sufficient to require presentation to the committee on the handicapped for placement of the child. Nevertheless, the petitioners placed their child in St. George's School for the 1977-1978 school year. St. George's is a private, nonresidential school, but has not been approved by the Commissioner of Education for the education of handicapped children. On February 28, 1978 the physician for the child again wrote the School District, emphasizing the importance of a small class setting and stating that "her attendance at St. George's School affords her proximate and immediate medical care should the need arise" for her problems of "coma and uncontrollable seizures". Following receipt of

this letter and on March 2, 1978 the matter was brought before the School District committee for the handicapped. This committee determined there was no appropriate facility available in the School District and forwarded the letter to the Dutchess County Board of Cooperative Services (BOCES) for consideration. This board decided that there was not an appropriate available program since the BOCES facility was too far from Vassar Hospital to meet the child's medical requirements. On July 28, 1978 the School District forwarded a request for approval of services for resident handicapped children to the New York State Department of Education. On August 4, 1978 the request was refused and disapproved because the submitted material did not comply with section 4401 of the Education Law or with the rules and regulations promulgated by the Commissioner of Education (8 NYCRR 200.4, 200.9). Petitioners commenced this CPLR article 78 proceeding to annul the determination of the State Department of Education and for reimbursement for the tuition paid to St. George's School for the academic year 1977-1978. The School District cross-claimed against the State Department of Education for reimbursement of moneys it might be required to pay to the petitioners as tuition reimbursement. Special Term, ordered the Commissioner of Education to approve the individual placement of the child at St. George's School for the 1977-1978 school year "in accordance with the provisions of section 4402 (2), subject to State aid partial reimbursement pursuant to section 4405 (3) of the Education Law". Both the State Department of Education and the School District have appealed this determination. Article 89 of the Education Law provides for children with handicapping conditions. The respondent commissioner's determination herein denying the petitioners the relief sought is based on a rational and reasonable construction of the commissioner's own regulations (8 NYCRR 200.9) and the relevant statute (Education Law, § 4401, subd 2) and, consequently, his construction thereof must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434). The regulations set forth certain conditions precedent to approval of contracts between a private school and a board of education which have not been complied with herein. The statute does not authorize the execution of such contracts unless the private school has been approved by the commissioner. For lack of compliance with these requirements, the commissioner denied the petitioners the relief sought. In these circumstances, this determination is not irrational or arbitrary and, accordingly, must be upheld *(Lombardi v Nyquist,* 63 AD2d 1058, mot for lv to app den 45 NY2d 710). This determination renders the other determinations made by Special Term moot. The judgment of Special Term should be reversed and the petition dismissed. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.