OPINION OF THE COURT
Richard H. Farley, J.
The Commissioner of the Department of Social Services for the County of Delaware has moved for an order directing reimbursement to the department of the sum of $1,720 from Theodore Gano, Sr., hereinafter “the parent” for the expense of residential placement of his son, Theodore Gano, Jr., hereinafter “the child.” By order of this court dated April 26, 1979 the child was adjudicated a person in need of supervision pursuant to article 7 of the Family Court Act, committed to George Junior Republic School, and his parent was directed to make payments to the Delaware County Support Collection Unit for his son’s support. On December 19,1979 the PINS order was vacated retroactive to the date of adjudication upon a finding that the child was a handicapped child pursuant to the provisions of section 4401 of the Education Law and directed to residential placement under section 236 of the Family Court Act.
At the previous hearing in this matter, it was established *743 that the child has had a long-standing learning disability, dyslexia, which was diagnosed as early as 1970. During much of his life, Theodore was treated as a behavior problem rather than as a child with learning disabilities. He was continued in the school system until the spring of 1978 when the district promulgated a program to tutor him at home. He was not placed in residential placement at George Junior Republic until June, 1979.
A handicapped child has as much right to free education in the State as any other child, including any specialized educational training as may be required. (Education Law, § 4401 et seq.; Matter of Levy, 38 NY2d 653.) When residential placement is ordered for a handicapped child, the parents are not responsible for any of the expenses of said placement, whether the placement is for a normal 10-month school year or for a full 12 months. (Matter of Scott K., 92 Misc 2d 681.) The cost of tuition and maintenance as a combined county and State charge is as applicable to the expense of residential placement for the summer of 1979 as it is for any other residential placement expense. The State statutes are thus in compliance with the Federal regulations under the Education for All Handicapped Children Act of 1975 (US Code, tit 20, § 1401 et seq.) requiring that services provided for residentially handicapped children “must be at no cost to the parents” wherein the State of New York seeks reimbursement from the Federal Government.
If the Delaware County Department of Social Services is to be reimbursed for its cost of care to the child, that reimbursement should not be derived from the parent. At least between the date of the last order of this court on December 19,1979 and April 15,1980, reimbursement from the State of one half the expense of the 1979 summer tuition or maintenance could have been received by the county pursuant to the provisions of section 4406 of the Education Law and subdivision (c) of section 200.11 of the Regulations of the Commissioner of Education (8 NYCRR 200.11 [c]). The fact that that reimbursement was not obtained is no fault of the parent.
The petitioner seeks to apply the doctrine of estoppel to *744 the parent’s failure in the PINS proceeding to raise the defense that the child was handicapped. The respondent cannot be estopped now from raising an issue already before the court at its November, 1979 hearing, nor can he be estopped for failure to raise a defense at a hearing upon which an order is now vacated. Moreover, responsibility for evaluation of and special educational programs for a handicapped child. lies initially with the school district through its committee on the handicapped. Proper written notice concerning same must be furnished the parent. (Regulations of Comr of Educ, § 200.5, 8 NYCRR 200.5.)
The motion is thereby denied. The Delaware County Support Collection Unit shall be directed to refund. the sum of $1,720 to the parent, Theodore Gano, Sr.