JOAN FRIETSCH, Individually and as President of the Parents Association of the New York Institute for the Education of the Blind, Respondent, v GORDON AMBACH, as Commissioner of Education of the State of New York, Respondent, and CITY OF NEW YORK, Appellant.

Third Department, October 23, 1980

### APPEARANCES OF COUNSEL

*Allen G. Schwartz, Corporation Counsel (Carolyn E. Demarest* and *L. Kevin Sheridan* of counsel), for City of New York, appellant.

*Robinowitz & Bianchi (Richard M. Cohlan* of counsel), for Joan Frietsch, respondent.

*Robert D. Stone (James E. Morgan* of counsel), for Gordon Ambach, respondent.

### OPINION OF THE COURT

CASEY, J.

The Commissioner of Education, pursuant to the authorization under article 85 of the Education Law, appointed many multi-handicapped children, all of whom were blind, to attend the New York Institute for the Education of the Blind (Institute) during the regular 10-month school year beginning in September and ending in June. In the latter part of 1978, the parents of those children were advised by the Institute through the parents association that a residential special educational session was planned for the summer of 1979, if adequate funding could be obtained. The primary purpose of the summer program was to assure continuity in the regular 10-month school program and to minimize educational regression. The Institute assigned the task of obtaining the funding to the parents association. Specifically, the association was directed to ascertain whether the State of New York, under article 85 of the Education Law, or the City of New York, by individual application under section 236 of the Family Court Act, had the primary duty to provide funds for the summer program.

In response to an inquiry by the association, the Department of Education took the position that under article 85 of the Education Law, the Department was fiscally responsible for the traditional 10-month school year only and not for any summer program outside that 10-month period. The City of New York, on the other hand, had taken the position in other litigation that the Department of Education was responsible for funding summer programs under article 85 and that the Family Court did not have jurisdiction under section 236 of the Family Court Act to order the city to fund the program.

Faced with those irreconcilable positions, the plaintiff, as a parent of a multi-handicapped child and as the president of

the association, commenced an action for a declaratory judgment, in which she sought to determine which governmental entity was responsible for funding the summer session. After issue had been joined the plaintiff moved for summary judgment. Both defendants, the Commissioner of Education of the State of New York and the City of New York, cross-moved for summary judgment. Special Term granted plaintiff's motion and declared that the City of New York was responsible for the funding of the program by application under section 236 of the Family Court Act, with the right to reimbursement by the State under the Education Law. We agree.

Under article 85 of the Education Law, blind persons who satisfy specified requirements are eligible for appointment as State pupils to the Institute for the Education of the Blind in the City of New York and other designated institutions (Education Law, § 4206, subd 1). Subdivision 1 of section 4207 of the Education Law provides that each blind pupil so received in any of those institutions is to be provided with board, lodging and tuition. Subdivision 4 of section 4207 provides: "Children placed in any such institutions for the blind pursuant to section forty-two hundred six shall be maintained therein at the expense of the state for the *period of time school is in session.*" (Emphasis added.)

The critical determination in this action with respect to the scope of article 85, is whether subdivision 4 of section 4207 is limited to the normal 10-month school year, and, therefore, inapplicable to the two-month summer session.

The Commissioner of Education interpreted subdivision 4 of section 4207 as being limited to the regular 10-month school year. The commissioner's interpretation is one of statutory reading and analysis, dependent only on accurate apprehension of legislative intent, and, thus, is not to be accorded the weight usually given to the interpretation of a statute by a governmental agency responsible for its administration *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451). Be that as it may, however, the commissioner's interpretation in this case should not be set aside.

In 1946, the Legislature amended subdivisions 1 and 4 of section 980 of the Education Law, the predecessors to subdivisions 1 and 4 of section 4207 of the Education Law, by deleting the word "annual" before the word "appropriate" in subdivision 1, and adding the phrase "for the period of time the school is in session" in subdivision 4 (L 1946, ch 202).

Significantly, the memorandum submitted to the Governor by Charles A. Brind, Jr., Counsel to the State Education Department, clearly indicates that the reason for the amendment was to make it clear that the Department of Education had the responsibility for the care of children placed in schools for the blind for the period comprising the regular school year only (NY Legis Ann, 1946, p 105). Based upon the foregoing, the interpretation advanced by the commissioner should not be set aside (cf. *Schneps v Nyquist,* 58 AD2d 151, mot for lv to app den 42 NY2d 808; *Matter of Dwella P.,* 98 Misc 2d 869; *Matter of Frank G.,* 98 Misc 2d 837).*

Section 236 of the Family Court Act provides, in pertinent part:

"1. This section shall apply to (a) handicapped children as defined in subdivision one of section forty-four hundred one of the Education Law who are not eligible for educational services pursuant to article * * * eighty-five * * * of the Education Law * * *.

"2. Whenever such a child * * * appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution and, the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the city of New York thereof wherein the child is domiciled at the time the application is made to the court for such order."

The blind children appointed to the New York Institute for the Education of the Blind are handicapped within the meaning of section 4401 of the Education Law (Education Law, § 4401, subd 2, par d). Accordingly, the appropriate Family Court has jurisdiction under section 236 of the Family Court Act to make a suitable order for the payment of the statutorily described expenses for a child enrolled in the summer program at the New York Institute for the Education of the Blind. We have considered the other arguments raised by the appellant and find them to be without merit.

---

* Defendant City of New York argues that the restrictive interpretation of article 85 violates the provisions of the Education for All Handicapped Children Act of 1975 (US Code, tit 20, § 1412). That argument has been rejected by the United States District Court for the Eastern District of New York (PLATT, J.), in an unreported decision, and we agree with that decision *(Schneps v Ambach,* Doc. No. 79 C 1395, Oct. 18, 1979).

The judgment should be affirmed, with one bill of costs to respondents filing briefs.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Judgment affirmed, with one bill of costs to respondents filing briefs.