■ In the Matter of LAWRENCE P., Appellant.—In a proceeding pursuant to section 232 of the Family Court Act to obtain tuition and maintenance expenses for a physically handicapped child, the appeal is from an order of the Family Court, Queens County, dated June 13, 1975, which, after a hearing, denied the petition. Proceeding remitted to the Family Court to hear and report on the factual issues, including whether (1) the delay in the filing of the petition was excusable and (2) the petitioner acted too late in the school year for a change in placement to be effectuated, in accordance with the following memorandum. The Family Court is to file its report with this court with all convenient speed. The appeal is held in abeyance in the interim. The petitioner's son, a handicapped child, has been attending a private school since September, 1970. In a letter dated March 19, 1973, the New York City Board of Education offered to place the petitioner's son in what it deemed an adequate public school facility. The child, however, continued to attend the same private school for the 1973–1974 school year. On May 15, 1974 petitioner's attorney sent a letter to the board of education advising it that petitioner was seeking assistance pursuant to section 232 of the Family Court Act, and requesting that an enclosed HC-3 form be completed. The form was not returned until August 2, 1974. The petition seeking reimbursement of tuition and maintenance expenses for the 1973–

1974 school year was not filed until January 31, 1975. A petition seeking reimbursement of funds pursuant to section 232 of the Family Court Act must be filed within the school year for which the funds are sought, and also must "be filed promptly after payment of tuition while sufficient time remains in the school year for any changes in placement to be effectuated" *(Matter of L. v New York State Dept. of Educ.,* 39 NY2d 434, 440). It is undisputed that the petition in question was not filed during the required time period. A hearing is required, however, so that all factual issues, including the following, may be resolved: (1) whether the delay in filing the petition was excused by the board of education's failure to act promptly to complete and return the HC-3 form and (2) whether petitioner acted too late in the school year when he did not request completion of the form until mid-May, thereby not allowing sufficient time for "changes in placement to be effectuated". Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.