Edith Miller, J.
In July, 1976, petitions pursuant to section 232 of the Family Court Act were filed by the petitioner, New York Foundling Hospital, on behalf of William B. and Richard M. seeking reimbursement for the cost of educating these handicapped children during the school years 1974 and 1975. The children in question are foster children placed in the care and custody of the New York Foundling Hospital by the Department of Social Services of the City of New York. The petitioner is an authorized child care agency as defined by section 371 of the Social Services Law. By contractual agreement with the Department of Social Services, the petitioner is responsible for the care of foster children under the on-going supervision of the department.
The respondent City of New York moved to dismiss these applications citing among other things the untimeliness of the petitions. Said petitions were filed after the school year had *847 ended in which the petitioner has requested compensation. In support of the motion the City of New York relies upon the April, 1976 decision of the Court of Appeals in Matter of L. v New York State Dept. of Educ. and Matter of K. v City of New York (39 NY2d 434).
There is no dispute that the Matter of L. decision holds that the parents of handicapped children receiving education at private schools must seek reimbursement under section 232 of the Family Court Act within the same school year for which tuition was paid. However, based upon the petitioner’s statement that these petitions could be distinguished from the Matter of L. decision, on August 2, 1976 the court requested that briefs be submitted with which the petitioner has complied. The respondent in support of its position submitted a one-page memorandum.
It is the contention of the petitioner that in the Matter of L. decision, the petitioners were private citizens while in the matters herein, the New York Foundling Hospital is not a private citizen but an agent of the City of New York. Therefore, the children placed in its care by the Department of Social Services are wards of the City of New York and the City of New York is the surrogate parent of these children. Petitioner further contends that with a private citizen, the City of New York would not be aware of the handicaps of a child until the petition under section 232 was filed. However, in respect to foster children, because of the on-going supervision of these children by the Department of Social Services, the City of New York is aware of their handicaps and the programs available in the public school system for educating them. Therefore, the City of New York by opposing these applications is in effect refusing to educate its own wards, thus violating its moral and legal responsibility towards these foster children.
In the Matter of L. (39 NY 434, 440, supra) decision, the Court of Appeals very plainly stated that: "Although it is not our function to set an arbitrary deadline within which application must be made, and we decline to do so, we believe that the statute requires that a claim be filed promptly after payment of tuition while sufficient time remains in the school year for any changes in placement to be effectuated. Since the review is necessary to ensure that the child is appropriately receiving private instruction at public expense, the review proceeding initiated by the tuition claim must occur while *848 there is time to prevent further unnecessary expenditure of public funds.”
The court finds from reading the appellate decisions that the requirement for periodic review was not solely concerned with financial considerations but was also concerned with the possibility of children being inappropriately placed. Therefore, the same opportunity to review applications must be provided to the board of education for handicapped foster children as is provided to handicapped children residing with their natural parents or guardians. In the absence of statutory authority justifying a separate classification, the court under the Constitution cannot accord a foster child different treatment than that of any other child. A review that is not timely is a meaningless review.
The court has completely considered petitioner’s argument that the City of New York had knowledge of the handicapping conditions due to the periodic written reports filed with the Department of Social Services and the continuous supervision of the department over these children. In rejecting this argument, the court must take judicial note that the board of education is a separate part of the executive branch of government and that knowledge of the Department of Social Services of the care, treatment and needs of foster children cannot be imputed to be the required notice pursuant to section 232 of the Family Court Act to the board of education. The petitioner agency as the custodian and guardian of these foster children has the same duty to comply with the requirement of timely filing as the natural parents.
In view of the foregoing, it is the court’s conclusion that Matter of L. and Matter of K. (39 NY2d 434, supra) is dispositive of the issues raised by the parties to this action. Therefore, the petitions herein are dismissed.