■ In the Matter of LAWRENCE KADISH, Petitioner, v ELEANOR A. SIMPSON et al., Constituting the Board of Trustees of the Incorporated Village of Old Westbury, Respondents.—Proceeding pursuant to CPLR article 78 to review the respondents' determination, dated May 20, 1976, which, after a hearing, denied petitioner's application made pursuant to a village ordinance, for a permit to grade, spread topsoil and seed his property. Determination annulled, on the law, without costs or disbursements, and the matter is remitted to respondents for reconsideration and the making of findings in proper form, with leave to the parties to present such other and further proof as they may be advised. The board did not set forth the facts upon which it based its determination. Mere conclusory statements without any findings of fact are insufficient. The requirement of a clear statement of factual grounds for the denial of a permit is not met by merely restating the terms of the applicable statute (2 Anderson, NY Zoning Law & Practice [2d ed], § 20.31; see, also, *Matter of Seaford Jewish Center v Board of Zoning Appeals of Town of Hempstead,* 48 AD2d 686; *Matter of T. J. R. Enterprises v Town Bd. of Town of Southeast,* 50 AD2d 836). Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■ In the Matter of LAWRENCE P., Appellant.—In a proceeding pursuant to section 232 of the Family Court Act to obtain tuition and maintenance expenses for a physically handicapped child, the appeal is from an order of the Family Court, Queens County, dated June 13, 1975, which, after a hearing, denied the petition. By order dated May 10, 1976, this court remitted the proceeding to the Family Court to hear and report on certain issues and, in the interim, the appeal has been held in abeyance *(Matter of Lawrence P.,* 52 AD2d 880). The hearing has been held and the report has been received. Order affirmed, without costs or disbursements. The petition seeking reimbursement of tuition and maintenance expenses for the 1973–

1974 school year was not filed until January 31, 1975 and it was, therefore, properly denied (see *Matter of L. v New York State Dept. of Educ.,* 39 NY2d 434). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.