Leo Dikman, J.
The petitions before the court are applications pursuant to section 236 of the Family Court Act for the costs of tuition and transportation of petitioners’ preschool age handicapped children at a private school. The petitions do not seek maintenance costs, a matter which is not dealt with in this decision. The subject children are between the ages of three and five. They attend a preschool day program at the Herbert J. Birch School, a private facility approved by the State Education Department for the education of handicapped children.
Section 236 of the Family Court Act, "Powers of the family court with regard to certain handicapped children” is set out below:
"1. This section shall apply to (a) handicapped children as defined in subdivision one of section forty-four hundred one of the education law who are not eligible for educational services pursuant to article seventy-three, eighty-five, eighty-seven, eighty-eight or eighty-nine of the education law and to (b) handicapped children meeting all the criteria of subdivision one of section forty-four hundred one of the education law except that such children are under the age of five and are not entitled to attend public schools without the payment of tuition pursuant to section thirty-two hundred two of the education law and that such children are also not eligible for educational services pursuant to article seventy-three, eighty-five, eighty-seven, eighty-eight or eighty-nine of the education law.
"2. Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved *447 by the court and duly audited, shall be a charge upon the county or the city of New York thereof wherein the child is domiciled at the time application is made to the court for such order.”
Subdivision 1 of section 236 of the Family Court Act gives the court jurisdiction over two classes of handicapped children: (1) those who attend summer school programs and (2) those who are under the age of five and are not entitled to attend public schools without the payment of tuition and are not entitled to specified educational services under the Education Law. (Matter of Pavone, 88 Misc 2d 675.) Subdivision 2 then goes on to provide that the expenses for transportation, tuition, and maintenance shall be a charge upon the county or the City of New York.
The City of New York has answered the petitions and has sought parental contribution toward the costs of tuition and transportation. The city bases its position on subdivision 1 of section 3202 of the Education Law which provides in relevant part that "A person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition.” The city argues that by reason of this section no child under the age of five, handicapped or not, is entitled to an education at public expense where the parents are able to pay, except where otherwise expressly provided by statute.
The court notes that section 236 of the Family Court Act is completely silent about the right of the city to seek contribution for tuition and transportation from the parents. (The city looks to the general support laws of the State, Family Ct Act, §§ 413, 414, 416, Domestic Relations Law, §§ 32, 240, and Social Services Law, § 101, which it argues must be read with Family Ct Act, § 236.) This silence is particularly important because the Legislature was certainly aware that the second class of children under section 236 of the Family Court Act would not be eligible to attend a public school "without the payment of tuition pursuant to section thirty-two hundred two of the education law.” (Family Ct Act, § 236, subd 1.) In the opinion of the court, the Legislature, mindful that section 236 of the Family Court Act extended educational services to children not otherwise entitled to them without the payment of tuition, would have expressly stated in subdivision 2 of section 236 of the Family Court Act that the parents of such *448 children would be required to contribute to their tuition and transportation expenses, if such had been the Legislature’s intent. "This point”, writes the petitioners’ attorney in his brief "is further supported by the fact that at the time that § 236 was enacted, and in the same bill in which it was contained, the Legislature enacted two companion sections which specifically called for parental contributions in situations when medical services are provided to handicapped children and in which care and maintenance is provided for detained children (see Family Court Act §§ 232, 234 as amended by Laws of 1976, chapter 853).”
After reading the legislative history behind section 236 of the Family Court Act and after reviewing relevant Federal law, the court again concludes that the argument of the city is without merit. By the enactment of section 236 of the Family Court Act, the Legislature intended to create, and did create, a special class of children below the age of five who could receive educational services at public expense.
Section 236 of the Family Court Act was added by section 6 of chapter 853 of the Laws of 1976. The official memorandum accompanying S 9470-A, the State Senate’s version of chapter 853, states: "Many of the provisions of this act have been specifically developed to satisfy the eligibility requirements of the federal law.” The memorandum alludes to the Education For All Handicapped Children Act of 1975 (PL 94-142; 89 US Stat 773; US Code, tit 20, § 1401 et seq.).
Section 3(c) of the Federal law (89 US Stat 775) reads: "It is the purpose of this act to assure that all handicapped children have available to them, within the time periods specified in section 612(2)(B) a free appropriate public education”. (Emphasis added.) United States Senate Report 94-168, part of the legislative history behind Public Law 94-142, reads (p 16): "It should be clear, however, that the goal of providing a free appropriate public education to all handicapped children, age three to eighteen, by September 1, 1978, and age three to twenty-one by September 1, 1980, remains paramount to the Committee.” (US Code, Cong & Admin News, 1975, vol 2, p 1440.) In furtherance of this goal, the basic allocation section of Public Law 94-142 (US Code, tit 20, § 1411, subd [a], par [1], cl [A]) includes "handicapped children three to twenty-one” as eligible beneficiaries of the Federal grant. In addition, section 1419 (subd [a], par [3]) of the United States Code provides for *449 special additional incentive grants for "special education and related services to handicapped children age three to five.”
It is clear that an important Congressional purpose behind Public Law 94-142 (89 US Stat 773) was the encouragement of States to provide free special educational services to handicapped children of preschool age. Congress recognized that the earlier handicapping conditions are detected and treated, the more successful a child’s education will be. As Senate Report 94-168 states (p 19): "The Committee further believes that identifying and providing services to preschool children who are handicapped is critical to assuring that these children are assisted early in life so that their handicapping conditions do not delay their educational development.” (US Code, Cong & Admin News, 1975, vol 2, p 1442.) (See Education Law, § 4408 "Statement of legislative intent and purposes”, where the New York Legislature also recognized the importance of the early detection of handicapping conditions in children.)
It is true that Public Law 94-142 encourages, but does not absolutely require, a State to make provision for the free education of handicapped children of preschool age. Federal eligibility requirements for handicapped children of preschool age would not be applied "if the application of such requirements would be inconsistent with state law or practice, or the order of any court, respecting public education within such age groups in the state.” (US Code, tit 20, § 1412, subd [2], par [B].) In effect, the States were left to decide whether to extend free educational services to handicapped children of preschool age and whether to take advantage of the Federal funds that were made available for this purpose. A special incentive grant was provided to encourage States to extend special education and related services to preschool age children (US Code, tit 20, § 1419). The court believes that the Legislature, like the Congress, recognized the wisdom of extending free educational services to handicapped children of preschool age and in fact did so through section 236 of the Family Court Act.
The city itself admits that the Legislature has made exceptions to subdivision 1 of section 3202 of the Education Law. Pursuant to articles 85, 87, and 88 of the Education Law, preschool age blind and deaf children are entitled to free educational services. The city also admits that former subdivision 1 of section 4406 of the Education Law, as amended in 1973, specifically permitted local school districts to set up free *450 public school programs for certain handicapped children of preschool age.
The repeal of this specific provision (Education Law, § 4406, subd 1) does not mean that the State no longer has a policy of providing free educational services to handicapped children below school age. To the contrary, the Legislature enacted section 236 of the Family Court Act to make free educational services to preschool age handicapped children more widely available.
Senator Javits, one of the chief authors of Public Law 94-142 stated: "The benefits of early identification and education both in terms of prevention of further human tragedy, and in the long term cost-effectiveness of tax dollars, are so great as to justify continued emphasis upon preschool education for handicapped children.” (Cong Rec, Nov 19, 1975, p S 20434, col 2.) The New York Legislature subscribed to this view and enacted section 236 of the Family Court Act to make free educational services to handicapped children below school age more widely available.
For the reasons stated above, the orders for these preschool handicapped children will be signed, and the court will not require the parents of the children to contribute toward the tuition or transportation expenses.