OPINION OF THE COURT
York a C. Linakis, J.
There are two proceedings before the court which have been consolidated. The parents of George, a 13-year-old handicapped child, seek an order pursuant to section 236 of the Family Court Act requiring the payment of the cost of maintenance (by the appropriate governmental agency) for the child at the residential school, Woods School, during the months of July and August, 1977 and July and August, 1978.
It is uncontroverted that the child is a handicapped child and requires residential confinement at the school for the entire year.
*563 The issue is simply who is responsible for the child’s maintenance during the summer months, i.e., July and August?
The City of New York opposes the application for payment by a governmental agency and contends that the court must consider contribution by the parents for maintenance expense.
There are several statutes which provide for payment and contribution which must be considered by the court.
Section 4405 (subd 1, par a) of the Education Law provides: "The maintenance expense for a handicapped child placed in a residential school under the provisions of this article shall be a charge upon the municipality”. (Emphasis added.)
Section 4405 (subd 1, par b) of the Education Law provides: "b. One-half of such maintenance expense which is not otherwise reimbursable by a federal, state or local agency, as provided pursuant to this article, upon certification of the commissioner of education, shall be paid by the state out of moneys appropriated for this purpose, in accordance with regulations promulgated by the commissioner of education.” (Emphasis added.)
Section 4406 of the Education Law provides:
"1. When the family court pursuant to section two hundred thirty-six of the family court act shall issue an order to provide for educational services, including transportation, tuition or maintenance of such handicapped children, the commissioner of education, if he approves such order, shall issue a certificate to such effect * * *
"2. One-half of the cost of providing such services, as provided in subdivision one of this section, as certified by the commissioner of education, is hereby made a charge against the county or city of New York in which any such handicapped child resides, and the remaining one-half of the cost shall be paid by the state out of moneys appropriated therefor”. (Emphasis added.)
Section 232 (subd [c], par [1]) of the Family Court Act provides: "Whenever a parent or other person who has been ordered to contribute to the cost of medical service authorized pursuant to section two thousand five hundred eighty-two of the public health law refuses to or fails to make such contribution, the health commissioner or the medical director of the physically handicapped children’s program, as the case may be, may institute a proceeding in the family court to compel such contribution”.
*564 Subdivision (b) of section 234 of the Family Court Act provides: "The court may, after issuance and service of an order to show cause upon the parent or other person having the duty under the law to support such child, adjudge that such parent or other person shall pay to the court such sum as will cover in whole or in part the support of such child, and willful failure to pay such sum may, in the discretion of the court be punished as for a criminal contempt of court”. (Emphasis added.)
It is to be noted that in each of the foregoing statutes some mention of a form of payment is made: "a charge upon the municipality” (Education Law, § 4405, subd 1, par a); "[o]nehalf of such maintenance * * * shall be paid by the state” (Education Law, § 4405, subd 1, par b); "one-half of cost of providing such services * * * is hereby made a charge against the county or city of New York * * * remaining one-half of the cost shall be paid by the state” (Education Law, § 4406, subd 2); "to contribute to the cost of medical service” (Family Ct Act, § 232, subd [c], par [1]); "such parent or other person shall pay to the court such sum as will cover in whole or in part the support of such child” (Family Ct Act, § 234, subd [b]).
Section 236 — "Powers of the family court with regard to certain handicapped children” — is the relevant statute in the instant proceeding. Subdivision 2 of section 236 provides: "Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the city of New York thereof wherein the child is domiciled at the time application is made to the court for such order.”
There is absolutely nothing in this statute regarding any contribution by the parent.
The city further argues that the Family Court Act prior to the enactment of section 236 gave power to the court to consider contribution for maintenance and that since the new statutes are substantial re-enactments of the provisions of the prior law, contribution must he considered.
The court finds this argument without merit.
The legislative background in the enactment of section 236 of the Family Court Act has been considered in Matter of *565 J. F. (91 Misc 2d 445). There the court stated (p 448) " 'Many of the provisions of this act have been specifically developed to satisfy the eligibility requirements of the federal law.” ’ Federal regulations under the Education for All Handicapped Children Act of 1975 (US Code, tit 20, § 1401 et seq.) provide that special educational services provided for residentially placed handicapped children "must be at no cost to the parents”. Failure to comply can preclude New York State from receiving Federal funding. (Matter of Scott K., 92 Misc 2d 681; Matter of Eric M., NYLJ, Aug. 28, 1978, p 6, col 3.)
This court is of the opinion that the Legislature did not intend that the city seek contribution from the parents for maintenance or it would have provided for such contribution as it did in section 232 (subd [c], par [1]) and subdivision (b) of section 234 of the Family Court Act.
Accordingly, petition and motion are granted.