OPINION OF THE COURT
Richard D. Rosenbloom, J.
Petitioners are parents of handicapped children who seek orders for payment for special educational services, pursuant to section 236 of the Family Court Act. Each of the children is under the age of five and wishes to participate in a preschool program provided by the Rochester City School District not mandated under the Education Law.
The County of Monroe moved to dismiss the petitions as being prematurely filed, citing as authority Matter of L. v New York State Dept. of Educ. (39 NY2d 434). The petitions *459 were filed on June 8, 1979 and seek payment of tuition and transportation for the period September 5, 1979 to June 19, 1980. The county contends that the petitions must be filed within the school year for which reimbursement is sought, whereas petitioners claim that they may be filed any time before the end of the school year. The school district’s position was to encourage the early filing of claims so that advance plans may be made for the required number of teachers and classrooms.
In Matter of L. (supra) the Court of Appeals held that petitions seeking reimbursement for tuition paid in prior years were not timely when filed following the close of the school year to which they pertained. The court ruled (p 439) that "parents were obligated to seek reimbursement within the school year for which the tuition was paid.” The reasoning stated was to require an annual review in the event of a change in the child’s condition or in the availability of appropriate facilities. The court stressed the necessity of prompt filing while sufficient time remained to effectuate changes in placement and to prevent unnecessary expenditure of public funds.
The reasons for the holding in Matter of L. (supra) do not apply to the petitions before the court. In fact, early filing prior to the commencement of a particular program seems preferable to enable the school district to make realistic plans in advance for appropriate programs for these children.
Handicapped children have a right to a free education and are assured such free, specialized educational training as may be required (NY Const, art XI, § 1; Matter of Levy, 38 NY2d 653). Section 236 of the Family Court Act provides no time limit for the filing of petitions nor is early filing prohibited by the holding in Matter of L. (supra). This court finds that the petitions in question, filed some three months prior to the commencement of services, are timely filed.
It is also noted that the petitions were filed on June 8, 1979 and were scheduled for initial appearance before the court on July 17, 1979. In the event that an appellate court interprets Matter of L. (supra) as prohibiting early filing, then this court makes the additional finding that the parents sought reimbursement within the appropriate school year, defined as "the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.” (Education Law, § 2, subd 15.)
*460 Each of the petitioners is entitled to an order directing the County of Monroe to pay the expenses of the special educational services requested.