OPINION OF THE COURT
Jack Turret, J.
Is there a limitation of time in a proceeding for reimbursement for educational expenses for a handicapped child?
Is the City of New York entitled to a hearing as to the parent’s ability to contribute to the cost of this child’s special education expenses?
In this proceeding relating to a handicapped child, the court is asked to dismiss a petition brought by the father of a handicapped child for reimbursement of educational expenses pursuant to amended section 236 of the Family Court Act. The respondent City of New York ("the City”) argues that the petition is not timely made, for expenses incurred during the summer of 1977.
The uncontroverted facts are that Charles M., a child suffering from Downs’ Syndrome (mongolism) has attended the *804 Woods School since April, 1977, pursuant to New York State’s provision of educational services to handicapped children (Education Law, art 89; § 4401 et seq.), and the recommendations of the required medical-educational authorities that he needs a "specialized residential school”. Charles’ father, in a petition dated January 26, 1979, seeks reimbursement for tuition and maintenance at the Woods School for July and August, 1977. The case was calendared for July, 1979, two years after the expenses were incurred. Counsel were afforded time to submit memoranda. No time limitation is included in the language of section 236 of the Family Court Act.
The City urges dismissal, relying heavily on Matter of L. v New York State Dept. of Educ. (39 NY2d 434). In the alternative, a hearing is requested on the parent’s ability to contribute to the education expenses, citing Matter of Claire (44 AD2d 407, app dsmd 35 NY2d 706). Both applications are denied.
Matter of L., decided on April 18, 1976, denied parents’ applications for reimbursement for special education expenses incurred in prior years. The court said that to allow such petitions would deprive the Family Court of its "continual review” of special education orders and create "budgetary chaos”. The Court of Appeals directed that all such petitions be brought during the school year for which reimbursement was sought. In a vigorous dissent, Judge Jones argued that the entitlement to a free public education was "fundamental, and of long standing” (Matter of L., supra, p 442; NY Const, art XI, § 1) and that "[t]o the extent that the right finds its source in constitutional provision any waiver is not lightly to be implied.” (Matter of L., supra, p 443.)
Two and one-half months after Matter of L. was decided, the relevant sections of the Education Law and Family Court Act were amended in order to comply with the Federal Education for All Handicapped Children Act of 1975 (US Code, tit 20, § 1401 et seq.). (L 1976, ch 853 et seq.) " 'Many of the provisions of this [new] act have been specifically developed to satisfy the eligibility requirements of the federal law’ ”, whose appended regulations specify that educational services for children in residential placement "must be at no cost to the parents.” (Matter of J. F., 91 Misc 2d 445, 448.)
Substantive changes provide for special education services directly through the local board of education for children between the ages of 5 and 21 years, eliminating the necessity *805 under prior law for bringing a Family Court petition. The Family Court’s jurisdiction was limited to children under the age of five years, and to applications for summer services. (Schneps v Nyquist, 58 AD2d 151, mot for lv to app den 42 NY2d 808.)
The Legislature evinced a clear intent to encourage and facilitate provision of appropriate educational services for handicapped children. The new law made one change of particular relevance to the rationale supporting Matter of L. The Family Court’s "continual review” function, cited as the primary reason for barring petitions after the close of the school year, was effectively transferred to the local boards of education. These boards are to "identify, review and evaluate at least annually, the status of each handicapped child” (Education Law, § 4402, subd 1, par b, cl [2]). The review function having been transferred to the locality (which has presumably fulfilled its obligation by reviewing and renewing the placement in this case), the only reason remaining for this court to follow the rule in Matter of L. would be concern for local budgeting difficulties. This court is of the opinion that this alone is not a basis for dismissal of this petition by reason of delay in filing. "Budgetary chaos” is a vivid but essentially vague term; the City has not specified any substantial prejudice to which it would be exposed by allowing this petitioner to proceed. Given the rights of the children and families involved in these cases, rights that are specified both in Federal law (by statute) and in State decisions, statutes, and Constitution, the court is reluctant to imply a time limit where none has been imposed by the Legislature. In this case, where the alleged harm to the City is indefinite and the loss to the petitioner is relatively substantial (the cost for the summer school being $2,304), the City’s reliance on the equitable doctrine of laches is misplaced.
As to the application for a hearing on the question of parental contribution, the 1974 case cited by the City is clearly inapplicable. In Matter of Claire (44 AD2d 407, supra) the First Department relied on former section 4403 of the Education Law to direct a hearing on this issue. Subdivision 1 of former section 4403 gave the State Education Department the power and duty to provide tuition and maintenance costs for handicapped children "in whole or in part from funds of the department, when not otherwise provided by parents, guardians, local authorities or by other sources, public or *806 private.” (Emphasis added.) That section was repealed by section 2 of chapter 853 of the Laws of 1976, and replaced by current section 4406, which omits any reference to the possibility of parental contribution.
In a learned decision, Matter of Scott K. (92 Misc 2d 681), Family Court Judge Edith Miller, examined the Legislature’s failure to provide for parental contribution in cases involving handicapped children. (Family Ct Act, § 236.) The court reasoned that inasmuch as sections 232 and 234, relating to medical and foster care services, respectively, provided for possible parental contribution, the failure to make a similar provision in section 236 is persuasive evidence of a legislative intent not to require contribution from parents whose children are enrolled in special education programs. My research indicates that all the cases considering this question of parental contribution decided subsequent to the enactment of the new law are in accord. (See Matter of J. F., supra; Matter of Eric M., NYLJ, Aug. 28, 1978, p 6, col 3.) In Matter of Jones (98 Mise 2d 562), Judge York a Linakis ruled in favor of parents whose petition was for reimbursement for the immediate summer and the one preceding it. It does not appear, however, that the precise question as to timeliness, and the applicability of Matter of L., were presented to that court.
Accordingly, the motions to dismiss and for a hearing as to contribution are denied. The matter is to proceed on September 24 in Part A.