OPINION OF THE COURT
Isidore Levine, J.
Thirty-nine handicapped children have filed petitions with this court for orders requiring the City of New York to pay tuition for their special education in the school year 1978-1979. Since disposition of these cases depends on a single issue of law (the facts of the cases being substantially similar), this decision shall apply to all. Petitioners .and respondent, City of New York, have submitted memoranda of law which have greatly aided the court in reaching its decision.
Family Court jurisdiction lies because the children were all under the age of five during the year in question (Family Ct Act, § 236). All of the children were certified handicapped by the Committee on the Handicapped and attended the United Cerebral Palsy of Queens School. The petitions were all filed October 15, 1980.
The only issue before the court is whether petitioners’ requests for tuition are barred because filed after the school year for which tuition is requested. The Court of *272 Appeals decided this issue in Matter of L. v New York State Dept. of Educ. (39 NY2d 434). Petitioners contend that this case is no longer a binding precedent on the court because subsequent amendments to relevant statutes allegedly destroyed the rationale of the case. This argument is not original with these petitioners, and at least two lower courts have found this argument persuasive (Matter of Charles M., 100 Misc 2d 803; Matter of David M., Family Ct, NY County, Docket No. 1245/1980).
To reach our decision of whether this court is still bound by the Court of Appeals decision or free to follow divergent lower court cases, the rationale of Matter ofL. and subsequent legislation will be examined.
The Court of Appeals set forth three bases for its decision in Matter of L. (supra). The first is that periodic review by Family Court required by section 232 of the Family Court Act necessitates filing within the school year for which tuition is requested. Second is the “budgetary chaos” which would result for the localities if no time limitation is imposed for such tuition requests. Lastly, as support for the decision, the Court of Appeals cited the existence of a State Department of Education regulation imposing a time limitation on localities for filing for partial State reimbursement for tuition paid.
Since the issue at bar is identical to that in Matter of L., this court is bound by the Court of Appeals decision whether it agrees with the rationale of the case, or the results it may produce, or not. An argument critical of the' rationale of the decision, no matter how appealing, will not justify ignoring a binding precedent. To avoid a controlling case as here, a subsequent controverting legislative intent and enactment must be shown.
Section 232 of the Family Court Act was amended shortly after Matter of L. and is now section 236 (L 1976, ch 853). In Matter of L. (supra, at p 440) the court said periodic review was “implicit in section 232”. The relevant portion of section 232 is paragraph (1) of subdivision (c), educational service, and the relevant sentence is set forth below with the 1976 deletions underscored and additions bracketed: “Whenever [such] a child within the jurisdiction of *273 the court and under provisions of this act [pursuant to this section] appears to the court to be in need of special educational training [services], including transportation, tuition or maintenance, and, except for children with retarded mental development, home teaching and scholarships, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision [the city of New York] thereof wherein the child is domiciled at the time application is made to the court for such order”. The crux of the sentence is unchanged: the court may order suitable educational services for handicapped children in its jurisdiction. The amendment removed most handicapped children from the court’s jurisdiction, leaving only those under age five and those attending summer school (Matter of Scott K., 92 Misc 2d 681). Though the categories of children coming under the court’s jurisdiction have changed, the power of the court vis-a-vis those children within its jurisdiction was not affected by the amendment of section 232, now section 236. Therefore, this court cannot conclude that the implicit periodic review as interpreted by the Court of Appeals in Matter of L. (39 NY2d 434, supra) is no longer present in the amended version of the statute.
Petitioner contends that the court’s function in these cases is purely ministerial and that no discretion is available to the court. This is clearly belied by the language of section 236 (and former § 232): “a suitable order may be made” (emphasis added). Judicial discretion inherent in this type of statutory language would not accompany a ministerial or “rubber stamping” function.
In Matter of Charles M. (100 Misc 2d 803, supra) the court purported that its review function had been removed because of amendments to section 4402 (subd 1, par b, cl [2]) of the Education Law, wherein the local school boards are charged with annual identification, evaluation, and review of handicapped children. The Charles M. court held that this destroyed the first rationale of Matter ofL. While it is true that certain burdens were lifted from the Family Court by the Education Law amendments, this court does *274 not believe that the Legislature removed from Family Court the periodic review function inferred from section 236 of the Family Court Act (former § 232) by the Court of Appeals.
Prevention of budgetary chaos, in the localities which must pay tuition, is a Court of Appeals basis for Matter of L. This rationale as stated in the case does not allow lower courts to balance financial harm between the parties as the Charles M. court appears to say (Matter of Charles M., 100 Misc 2d, at 803, 805, supra): “the City has not specified any substantial prejudice to which it would be exposed by allowing this petitioner to proceed.” The Court of Appeals held in Matter ofL. that petitions for parental reimbursement for tuition must be filed within the school year. One of the reasons the court reached this decision was potential budgetary chaos which could result if there were no time limit on these claims. No subsequent legislation has destroyed this basis for Matter ofL.
This is also true of the third basis for the decision. The Court of Appeals said in Matter ofL. that a time limitation on these claims is supported by the existence of State Department of Education regulations setting time limits for localities to file for partial reimbursement from the State. These requirements remain the same; only the regulation numbers have changed (8 NYCRR 200.11 [b], [d]): the State must receive recommendations for new students by April 15 of the school year for which tuition is requested; for other students the State must receive claims from localities within 12 months of the school year or the date a certificate of approval was issued.
From the foregoing it is evident that the rationale in Matter ofL. survived the 1976 statutory amendments.
While this court would welcome direct legislative involvement on the issue of time limitation for tuition claims, it has not yet come about.[2] Since the case has not been overruled by the Legislature, this court is bound by the Court of Appeals decision. Other Family Court decisions have reached the same conclusion (see Matter of *275 Scott, NYLJ, Sept. 17, 1979, p 15, col 3; Matter of Sharon R., Family Ct, Queens County, Docket No. H 1205/80, PITARO, J.).
The time requirement imposed by Matter of L. does not operate in a totally rigid manner. Late filing may be excused if the court is convinced by the facts of the case that it was reasonably justified. The Appellate Division (Second Dept) remitted a Family Court (Queens County) case, which had denied a petition because of late filing, and ordered consideration of whether the delay in filing was caused by the board of education’s delay in returning the preapproval form and whether the petitioners had submitted the form to the board of education too late in the school year to have permitted any placement change that may have been necessary (Matter of Lawrence P., 52 AD2d 880, affd 55 AD2d 911). This latter requirement of filing not just within the school year but early enough within the school year to provide time for a change of placement if necessary is imposed by Matter of L. (39 NY2d 440, supra).
In the case at bar, petitioners submitted their forms HC-2 and HC-3 to the State Department of Education which issued preapproval letters dated May 16, 1979 within the school year. Petitioner’s memorandum erroneously states that the preapproval letters were dated subsequent to the school year. Petitioners also contend that the delay in filing petitions with the court (Oct., 1980) resulted partly because they allegedly did not receive these letters until September and October, 1979. The court does not find it credible that letters from the State Education Department dated May, 1979 were not received until four and five months later. Assuming, arguendo, that the forms were not received until October, 1979 there was still a year’s wait from that date until these petitions were filed with the court.
Furthermore, petitioner admits that additional delay of six months resulted from a misplacement of the form by the school.
Petitioners herein requested tuition for the school year 1978-1979 on October 15,1980,16 months after the end of the school year. These claims are time barred by Matter of *276 L. (supra) and the petitions filed after an unexcusable delay are, therefore, dismissed.

. A bill is currently pending in the Legislature which would specifically overrule Matter ofL. and allow three years to file a petition for tuition (A 594-A).