■ In the Matter of LEONARD SCHWARTZ, Respondent, v COUNTY OF NASSAU, Appellant. — In a proceeding pursuant to Family Court Act § 236, the County of Nassau appeals from an order of the Family Court, Nassau County (Dempsey, J.), entered December 6, 1984, which, after granting the petitioner's motion for summary judgment, ordered that Leonard Schwartz be furnished special educational services, and that the cost of the services not exceed $2,500, which cost was made a charge upon the county, directly payable to Isabel Schwartz, Leonard's mother.

Order reversed, with costs, and petitioner's motion denied.

In or about March 1983, Isabel Schwartz sought an order from the Family Court, Nassau County, pursuant to Family Court Act § 236, directing the County of Nassau to pay the tuition and

maintenance costs of her handicapped child, Leonard, at Camp Huntington, High Falls, New York, for the camp's 1983 summer program. According to the petitioner, the costs amounted to $2,450.

The court, with the county's consent, found Leonard to be "a handicapped child as defined in subdivision one of section 4401 of the Education Law and requires special educational services". Consequently, the court ordered the county to pay directly to the petitioner a sum not to exceed $2,450 to cover the aforementioned costs.

In March 1984, Ms. Schwartz sought an order from the Family Court directing the county to pay Leonard's tuition and maintenance costs for Camp Huntington's 1984 summer program which costs, the petitioner alleged, amounted to $2,500. The county opposed the petition.

By notice of motion dated October 15, 1984, Ms. Schwartz moved for summary judgment with respect to the application for tuition and maintenance costs. In essence, she argued that because the material allegations in the 1983 and 1984 applications were identical and further because the factual and legal issues pertaining to the 1983 application were, with the county's consent, resolved in her favor, no triable issues of fact existed in connection with the 1984 application. Summary judgment, according to Ms. Schwartz, was therefore appropriate. The county opposed the motion, contending, *inter alia,* that reevaluation was required of Leonard's condition as a handicapped child, the need for the particular program chosen, and the suitability of the camp, all of which presented triable issues and operated to preclude summary judgment.

The Family Court granted the motion for summary judgment and by order entered December 6, 1984, the court found Leonard to be "handicapped", and also directed the county to pay a sum to the petitioner not to exceed $2,500 to cover the costs of tuition and maintenance for the summer 1984 program.

We conclude that because of the existence of substantial factual issues concerning the possible changes in Leonard's condition as a handicapped child, and the continued suitability of the program or facility chosen, the Family Court should not have granted summary judgment.

In *Matter of Jeremy G.* (105 AD2d 285, 286), we noted that

"[e]ffective July 1, 1976, pursuant to the provisions of chapter 853 of the Laws of 1976, the New York State Legislature repealed, *inter alia,* article 89 of the Education Law, and sections 231, 232, 233, 234 and subdivision (c) of section 235 of the

Family Court Act, and enacted a new article 89 of the Education Law and new sections 231, 232, 233, 234 and 236 of the Family Court Act. This legislation was prompted, in part, by the inundation of the Family Court with petitions for orders for educational services, and its inability to handle the requests expeditiously with the necessary expertise * * *

"In enacting chapter 853 of the Laws of 1976, the Legislature transferred the responsibility for designating the institutions for the education of school-age, handicapped children during the 10-month school year to the commissioner and the local school districts * * * and divested the Family Court of such jurisdiction * * * In accordance with the newly enacted section 236 of the Family Court Act, educational services for preschool-age, handicapped children, and for all handicapped children during the months of July and August, remained within the jurisdiction of the Family Court".

Prior to the effective date of the 1976 amendments, the Court of Appeals, in *Matter of L. v New York State Dept. of Educ.* (39 NY2d 434, 440), said that "the Family Court, in order to carry out its obligations under section 232 [of the Family Court Act, from which current section 236 is partially derived], must review each case on an annual basis and determine whether its previous order should be amended or modified". Continual review is necessary because a handicapped child's condition may change substantially within the course of a single school year. In addition, the school's facilities may also change (*Matter of L. v New York State Dept. of Educ., supra,* at pp 439-440).

Although the 1976 amendments divested the Family Court of a significant amount of jurisdiction, the amendments have not modified the manner in which the Family Court should review petitions over which it continues to have jurisdiction. The observations in *Matter of L. v New York State Dept. of Educ.* (*supra*) retain their vitality in connection with petitions, such as the one at bar, involving summer special education programs and facilities (*see, Matter of Lape,* 108 Misc 2d 271; *see also, Matter of Joshua B.,* 117 Misc 2d 404, 405).

In conclusion, summary judgment should not have been granted because there exist triable issues of fact concerning Leonard's condition as a handicapped child, as well as issues concerning the suitability of the program and facility chosen. Consequently, the Family Court's order should be reversed.

In the future, petitions for tuition and maintenance should be acted upon expeditiously to insure that the parents of a handicapped child will know before the summer program commences whether they will be reimbursed for those costs and, if so, the

extent of the reimbursement. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.