In the Matter of DAVID JJ., a Handicapped Child. SUSAN KK., Appellant; COUNTY OF ALBANY, Respondent.

Third Department, July 9, 1987

**APPEARANCES OF COUNSEL**

*Zubres, D'Agostino & Hoblock, P. C. (Pamela A. McMahon* of counsel), for appellant.

*William J. Conboy, II, County Attorney (F. Patrick Jeffers* of counsel), for respondent.

*Edward P. Kearse* for Preschool Special Education Providers Council, *amicus curiae.*

**OPINION OF THE COURT**

WEISS, J.

Petitioner is the foster parent of David JJ., who was born October 2, 1984. By petition dated December 4, 1985, petitioner sought an order from Family Court directing respondent to pay for the costs of preschool and related services provided for David by the Early Childhood Education Center (ECEC). The petition specified that David was orthopedically impaired and in need of preschool services, physical therapy and speech therapy. Respondent opposed the application, contending that David was not handicapped and that the services requested were not included within the scope of Family Court Act § 236.

Following a hearing, Family Court determined that David was a handicapped child as defined in Education Law § 4401 (1), but that the requested preschool services, speech and physical therapy were not "special educational services" for which payment could be chargeable against respondent pursuant to Family Court Act § 236. The court characterized these services as medical or medically related within the purview of Public Health Law, article 25, title V (Public Health Law § 2580 *et seq.).* That title authorizes the Department of Health to provide medical services for children with physical disabilities and permits a county supplying such services to seek recoupment from the person(s) legally charged with support of the child *(see,* Public Health Law § 2582 [1], [2], [3]). Family

Court concluded that David was entitled only to transportation, tuition, maintenance or other nonmedical services, but not the costs of speech, occupational or physical therapy. Pursuant to Family Court Act § 233, the court nonetheless directed respondent to pay for the services requested in the petition, with the proviso that payment for all future services would only be made to duly certified entities pursuant to the provisions of Family Court Act § 233. Petitioner has appealed.

Initially, we observe that respondent acknowledges that David is a handicapped child. The record further substantiates David's need for the physical and speech therapy requested. The issue presented is whether Family Court erred in finding as a matter of law that a preschool handicapped child's speech, occupational and physical therapy are not "special educational services" within the meaning of Family Court Act § 236. There is no question that David would be entitled to these services, free of charge, if he were of school age. Handicapped children are constitutionally and statutorily entitled to a free education specially designed to meet their individual needs (NY Const, art XI, § 1; 20 USC § 1400 *et seq.;* Education Law §§ 4401-4409; *see, Matter of Levy,* 38 NY2d 653, *appeal dismissed* 429 US 805; *McGaw v Huntington Hosp.,* 89 AD2d 38, 43). The Federal Education for All Handicapped Children Act of 1975 entitles handicapped children to "a free appropriate public education which emphasizes special education and *related services* designed to meet their unique needs" (20 USC § 1400 [c]; emphasis supplied; *see, Irving Ind. School Dist. v Tatro,* 468 US 883). By definition, "related services" expressly includes speech pathology and physical and occupational therapy, as well as the early identification and assessment of handicapping conditions (20 USC § 1401 [a] [17]). Similarly, Education Law article 89 specifically provides that a handicapped child is entitled to the therapeutic services in question *(see,* Education Law § 4401 [2] [k]; *McGaw v Huntington Hosp., supra,* at 43-44).

As respondent emphasizes, however, Federal law renders preschoolers eligible but defers to State law or practice eligibility requirements that may be inconsistent (20 USC § 1400 [c]; § 1412 [2] [B]). Education Law article 89 definitionally includes only post-five year olds (Education Law § 4401 [1]; § 3202 [1]). David, as a preschooler, is not subject to Education Law article 89, but comes within the jurisdiction of Family Court pursuant to Family Court Act § 236, which applies to handicapped children under age five who otherwise meet the

criteria of Education Law § 4401 (1)[1] (Family Ct Act § 236 [1]). This statute authorizes Family Court to issue a suitable order providing for the education of a handicapped child in need of "special educational services", which include transportation, tuition or maintenance (Family Ct Act § 236 [2]). At the heart of this controversy, then, is whether speech and physical therapy are educational in nature within the scope of "special educational services".

Giving due consideration to the statutory framework and language, as well as the purposes underlying this legislation *(see, Ferres v City of New Rochelle,* 68 NY2d 446, 451), we find that the requested speech and physical therapy are educational and that David is entitled to these services free of cost pursuant to Family Court Act § 236. In 1976, the Legislature enacted, *inter alia,* a new Education Law article 89 and Family Court Act § 236 to comply with the newly enacted Federal Education for All Handicapped Children Act (20 USC § 1400 *et seq.)* and to alleviate the jurisdictional burden on Family Court (L 1976, ch 853, §§ 3, 6, eff July 1, 1976; *see, Matter of Schwartz v County of Nassau,* 111 AD2d 242, 244; *Matter of Jeremy G.,* 105 AD2d 285, 285-286; *see also, Matter of Alban v County of Nassau,* 89 AD2d 340, 342, *affd* 59 NY2d 731). As a result, the Commissioner of Education and local school districts were given responsibility for the appropriate education of school-age handicapped children, while Family Court retained jurisdiction over preschoolers and all handicapped children during the summer months *(supra).* Contrary to Family Court's interpretation, the fact that the Legislature continued Family Court jurisdiction over preschoolers does not affirmatively indicate that preschoolers were not intended to qualify for the same services accorded school-aged children under the Education Law. A comparison of the definitional language utilized by the Legislature confirms this construction.

It is important to recognize that the Legislature defines a handicapped child in terms of the programs or services that will enhance that child's educational opportunities. At the initiation of this proceeding, a school-age handicapped child was defined as one who could "receive appropriate educational opportunities from *special services and programs"* (Education

---

1. This act applies to all handicapped children during July and August (Family Ct Act § 236 [1], as amended by L 1986, ch 683, § 7, eff Sept. 1, 1986; *see, Schneps v Nyquist,* 58 AD2d 151, *lv denied* 42 NY2d 808).

Law former § 4401 [1]; emphasis supplied). The underscored phrase was defined to include, *inter alia,* "related services" such as physical therapy and speech pathology (Education Law § 4401 [2] [k]). The Legislature has since redefined a "child with a handicapping condition" as one who could "only receive appropriate educational opportunities from a *program of special education * * * 'Special education'* means specially designed instruction which includes special services or programs * * * and transportation, to meet the individual educational needs of a child with a handicapping condition" (Education Law § 4401 [1], as amended by L 1986, ch 53, § 56, eff July 1, 1986; emphasis supplied). In effect, "special services and programs" has been redefined as a "program of special education". The Legislature has thus authorized a "program of special education" for school-age children and "special educational services" for preschoolers. Although we recognize that the Family Court Act, unlike the Education Law, does not describe all the services available in detail, the definitional language for a handicapped child is virtually interchangeable *(see also,* Education Law § 4401-a, as added by L 1986, ch 53, § 57). It follows that by definition the term "special educational services", as utilized in Family Court Act § 236 (2), readily extends to related services such as physical and speech therapy.

Moreover, the regulations adopted under Education Law article 89 define the term "medical services" to mean: "only evaluative and diagnostic services provided by a licensed physician to determine whether a child has a medically related handicapping condition which may result in the child's need for special education and related services" (8 NYCRR 200.1 [u]).[2] While physical therapy is provided at ECEC pursuant to a physician's prescription, the record shows that ECEC's therapists perform these services independently, without actual physician supervision *(see, Irving Ind. School Dist. v Tatro,* 468 US 883, *supra).* It is further noteworthy that the Department of Health does not consider ECEC subject to the certification requirements of Public Health Law article 28.

Finally, the enactment of Family Court Act § 236 contemporaneously with Education Law article 89 highlights a legisla-

---

2. We note that this regulation defines what limited "medical services" are considered "related services" for purposes of Education Law § 4401 (2) (k) coverage. Inferentially, "medical services" performed by a "licensed physician" for other than diagnostic purposes are not within the scope of Education Law article 89.

tive recognition that the early detection and treatment of preschool handicapped children enhances their educational potential *(see, Matter of J. F.,* 91 Misc 2d 445, 449-450). As such, there is a certain illogic in suggesting that the Legislature has opted not to extend to these children the related services often necessary to fulfill a school-age child's educational demands. The educational needs of both age groups are not so abruptly different, for a full complement of services is essential to meet the individualized needs of a handicapped child in either group. We further observe that the construction adopted by Family Court would render school-age children ineligible for related services during the summer months, a consequence for which we perceive no adequate rationale. Accordingly, we conclude that the requested services are educational, not medical, and thus properly chargeable to respondent pursuant to Family Court Act § 236.

MAHONEY, P. J., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by striking the final decretal paragraph and reversing so much thereof as held that David JJ. is not entitled to recover for all the services requested under Family Court Act § 236; petition granted to allow recovery for all the services requested under that provision; and, as so modified, affirmed.