■ In the Matter of ANGELINA SAVIO. MARIANNA SAVIO et al., Appellants; COUNTY OF PUTNAM, Respondent.—In a proceeding pursuant to Family Court Act § 236, the petitioner parents appeal from an order of the Family Court, Putnam County (Sweeny, J.), entered August 31, 1987, which denied reimbursement for costs incurred in connection with special education services for their handicapped child.

Ordered that the order is reversed, on the law, the petition is granted, and the matter is remitted to the Family Court, Putnam County, for calculation of the amount due and the entry of an appropriate judgment.

Angelina Savio is a handicapped child as defined by Education Law § 4401 (1). Her parents sought reimbursement for the expenses incurred for special educational services rendered by the child's residential school during the months of July and August 1986. Apparently, the petition, which had been sworn to by the mother and signed by the school officials in February 1986, was not filed with the Family Court until April 1987. The county opposed the petition as untimely and the Family Court denied reimbursement on the ground that the petition was untimely filed.

It is undisputed that handicapped children are entitled to a free education, including necessary specialized educational training (NY Const, art XI, § 1; *Matter of Levy*, 38 NY2d 653). Applications seeking payment for educational services provided during the summer months of July and August are within the jurisdiction of the Family Court (Education Law § 4406; *Schneps v Nyquist*, 58 AD2d 151, *lv denied* 42 NY2d 808). Where it appears to the Family Court that the child is in need of such special educational services, it may make "a suitable order" for their provision (Family Ct Act § 236 [2]). Neither the Education Law nor the Family Court Act expressly places a time limit for the filing of petitions by parents seeking payment for the cost of such special services, nor does any other statutory provision or administrative regulation.

In *Matter of L. v New York State Dept. of Educ.* (39 NY2d 434), the Court of Appeals held that petitions seeking reimbursement for tuition paid in prior years were not timely when filed after the close of the school year to which they pertained. The court ruled that the "parents were obligated to seek reimbursement within the school year for which the tuition was paid" *(Matter of L. v New York State Dept. of Educ., supra,* at 439). Since, pursuant to Education Law § 2 (15), the school year commenced on July 1, 1986 and ended on June 30, 1987, the petition herein was timely filed.

The county's reliance upon the language of the court in *Matter of L. (supra)*, stressing the necessity of prompt filing while sufficient time remained to effectuate changes in placement and to prevent unnecessary public expenditure, is misplaced. Unlike the petitions in *Matter of L.,* the instant petition was for a continuation of the child's residential status in an approved facility for the two-month summer period. It is conceded that the child attended the residential educational establishment in question both prior and subsequent to the summer program which is the subject of this petition. In fact, it is undisputed that the county has reimbursed the petitioners for the cost of all prior school terms, including summer sessions, with the exception of one other term.

Since there has been no showing that the county would be prejudiced by the delay in the filing of the petition herein, the decisions in *Matter of Lape* (108 Misc 2d 271) and *Matter of Joshua B.* (117 Misc 2d 404) are distinguishable. This is not to say that every delayed filing should be excused, and the petitioners herein are admonished that it is in their own best interests to present their petitions for payment for special education services before the services are rendered so that the

Family Court may act on these claims "expeditiously to insure that the parents of a handicapped child will know before the summer program commences whether they will be reimbursed for those costs and, if so, the extent of the reimbursement" *(Matter of Schwartz v County of Nassau,* 111 AD2d 242, 244-245). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.