■ In the Matter of MICHAEL F., Appellant. [622 NYS2d 976] —In a proceeding pursuant to Family Court Act § 236, the petitioner appeals from an order of the Family Court, Suffolk County (Kent, J.), entered August 26, 1993, which, after a hearing, denied his mother's petition to be reimbursed for costs incurred to provide him with special educational services and dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Suffolk County, for calculation of the amount due the petitioner's mother and the entry of an appropriate judgment.

In this proceeding, the petitioner's mother sought a determination that her infant son Michael was entitled to special educational services pursuant to Family Court Act § 236 for the period of December 16, 1992, to June 25, 1993, due to a physical disability. The County of Suffolk, following a review by its Handicapped Children's Education Program, did not oppose the petition. A hearing was held at which members of the multidisciplinary team which evaluated Michael in November 1992 testified. The court concluded that the testimony failed to establish that Michael was in need of the special educational services recommended by the team and denied the petition.

The Family Court's determination is against the weight of the evidence. The testimony adduced at the hearing establishes that Michael suffered from a condition affecting the muscles of his upper body and face and that this condition was likely to cause developmental delays, *inter alia*, in his ability to speak and in his cognitive skills. We find no basis on this record to question the validity of the findings and recommendations of the multidisciplinary team which evaluated Michael *(see, e.g., Matter of Thane S.,* 158 Misc 2d 972), particularly in light of the purpose and goals of Education Law article 89 and the Early Intervention Program for Infants and Toddlers with Disabilities and their Families (Public Health Law art 25, tit 2-A) *(see generally, Matter of David JJ.,* 129 AD2d 355; *Matter of Thane S., supra).*

We further find that the types of services recommended, *i.e.,* speech therapy, physical therapy, occupational therapy, and special education, are authorized under the relevant statute *(see, Matter of David JJ., supra;* Education Law § 4401 [1], [2] [a], [k]), and no claim was made by the County that the services were excessive.

Accordingly, the petition for reimbursement of the costs of the services is granted, and the matter is remitted to the Family Court for a determination of the amount due the petitioner's mother and the entry of an appropriate judgment. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.