In the Matter of ANTHONY F. BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, SUFFOLK COUNTY, Intervenor-Appellant; COUNTY OF SUFFOLK, Intervenor-Respondent. [628 NYS2d 802] —In a proceeding pursuant to Family Court Act § 236, the intervenor Board of Cooperative Educational Services for the Second Supervisory District, Suffolk County, appeals from a judgment of the Family Court, Suffolk County (Abrams, J.), entered October 26, 1993, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law and on the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Suffolk County, for the entry of a judgment in accordance herewith.

The petitioner commenced this proceeding pursuant to Family Court Act § 236 on behalf of her son, Anthony F., to compel the intervenor County of Suffolk (hereinafter the County) to pay for special educational and related services that were provided to Anthony by the intervenor Board of Cooperative Educational Services, Second Supervisory District, Suffolk

County (hereinafter BOCES II). The County approved the petitioner's request for speech therapy for Anthony to correct speech and language deficits that had resulted from chronic ear infections. Nonetheless, the County concluded that, based on the documentation provided to it, the petitioner had not adequately demonstrated Anthony's need for a special educational program five days a week at a learning center operated by BOCES II. The Supreme Court, after a hearing, agreed with the County and dismissed the proceeding. BOCES II appeals.

The Family Court's determination is against the weight of the evidence. The documentation provided to the County in support of the petition presents an inconsistent picture of the behavior of two-and-a-half-year-old Anthony. Nonetheless, the speech pathologist and the psychologist who evaluated Anthony both testified at the hearing that Anthony has behavioral problems that are attributable to his speech impairment. This testimony supports Anthony's need for a special educational program that provides more than just speech therapy three times a week. The record also reveals that, whatever the present state of his hearing, Anthony is exhibiting behavioral problems as a result of his developmental delay and that, unless these problems are addressed, they will continue to affect his learning abilities (see, e.g., Matter of Michael F., 212 AD2d 787; Matter of Thane S., 158 Misc 2d 972).

Understandably, the Family Court was troubled by the fact that, although Anthony's speech impairment is attributable to hearing problems that resulted from chronic ear infections, no audiological testing was performed as part of the evaluation of Anthony. However, it is clear from the testimony of the members of the BOCES II team that evaluated Anthony that their recommendation that he be provided with special educational services, in addition to speech therapy, is based on their observations of behavior, such as his short attention span, that requires more extensive intervention than speech therapy alone.

In view of the foregoing, we need not reach the appellant's remaining contentions. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.